UNITED STATES, Appellee

v

RICHARD W. McGARY, Basic Airman, U. S. Air Force, Appellant

9 USCMA 244, 26 CMR 24

No. 10,958

Decided May 9, 1958

*Captain Richard C. Bocken* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottlieb*.

*Major Carl Goldschlager* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels*.

## Opinion of the Court

HOMER FERGUSON, Judge:

The question for decision is whether or not one who reviewed the record of trial of a special court-martial as supervisory authority was ineligible to do so by reason of the fact that he had previously taken initial action on the record as convening authority.

A special court-martial convened at Ladd Air Force Base, Alaska, by Colonel Lewis W. Stocking, Commander, 11th Air Division, found the accused guilty on July 11, 1957, of several offenses in violation of the Uniform Code of Military Justice. He was sentenced to a bad-conduct discharge, confinement at hard labor for three months and forfeiture of $60.00 per month for a like period. On August 6, 1957, Brigadier General Kenneth H. Gibson took initial action as Commander of the 11th Air Division. He approved the sentence, but reduced the forfeiture of pay from $60.00 per month for three months to $55.00 per month for three months. The record of trial was then forwarded for further action pursuant to Article 65(b) of the Uniform Code, supra, 10 USC § 865. On August 23, 1957, the staff judge advocate of the Alaskan Air Command prepared a post-trial review in which he recommended that the Charge and its specification be set aside but that the sentence be ap-

245

proved. On August 26, 1957, General Gibson, as Commander of the Alaskan Air Command, reviewed the record in the capacity of the officer exercising general court-martial jurisdiction. In this action he disapproved the findings of guilt of the Charge and its specification but approved the sentence as previously modified by him as special court-martial convening authority.

The board of review, in its memorandum opinion, considered the issue now before us, and though noting that the procedure employed was "unusual," could find "no impropriety in this situation." The board took notice of the fact that the 11th Air Division is a subordinate command of the Alaskan Air Command and that between the date of the two actions General Gibson succeeded to the higher command. The board could find nothing to indicate that the officer involved had anything but an official interest in the case, and, accordingly, it concluded that the fact that he had acted as special court-martial convening authority "does not per se disqualify him from subsequently acting on the same case as the officer exercising general court-martial jurisdiction."

The Government contends that the accused has no cause to complain because one who has been sentenced to a bad-conduct discharge by a special court-martial is not entitled as a matter of right to have the record reviewed by an officer exercising general court-martial jurisdiction before such record is forwarded for review by a board of review. Article 65(b) of the Code, supra, is relied upon as authority for this contention. This Article reads in pertinent part as follows:

"(b) If the sentence of a special court-martial as approved by the convening authority includes a bad-conduct discharge, whether or not suspended, the record shall be sent to the officer exercising general court-martial jurisdiction over the command to be reviewed in the same manner as a record of trial by general court-martial or directly to the appropriate Judge Advocate General to be reviewed by a board of review."

Under the Government's view this case could have been forwarded directly to The Judge Advocate General of the Air Force after initial action by the special court-martial convening authority, and, therefore, the argument continues, General Gibson cannot be "condemned" for affording the accused another review aided by a formal review by a staff judge advocate of a command exercising general court-martial jurisdiction.[1] The accused on the other hand contends that he was prejudiced because he was deprived of an impartial review at the general court-martial jurisdiction level. He submits that the framers of the Code never intended to permit one commander to review the same case at two distinct appellate levels. Such a practice, it is argued, contains inherent defects which are readily apparent without the need for extended discussion. It remains to be considered what was intended to be

---

[1] Our attention has also been invited to paragraphs 84d and 94a(3) of the Manual for Courts-Martial, United States, 1951. In pertinent part, paragraph 84d provides as follows:

". . . When, however, the convening authority who has approved a sentence of bad conduct discharge adjudged by a special court-martial does not exercise general court-martial jurisdiction, and has not been authorized to forward such a record directly to the appropriate Judge Advocate General for action (94a(3)), the officer exercising general court-martial jurisdiction over the command within which the accused was tried by special court-martial also reviews and takes action upon the record in the same manner as on a record of trial by general court-martial."

Paragraph 94a(3) contains the following additional provision:

"(3) *Review of special court-martial records pursuant to Article 65b.*—If the sentence of a special court-martial as approved by a convening authority who does not exercise general court-martial jurisdiction includes a bad conduct discharge, whether or not suspended, the record shall, ordinarily, be forwarded to the officer exercising general court-martial jurisdiction over the command to be reviewed and acted upon in the same manner as a record of trial by a general court-martial (Art. 65b)."

accomplished by the enactment of Article 65(b).

The commentary found in the Hearings before the House Armed Services Committee which considered the enactment of the Code states that Article 65(b) was derived from the 36th Article of War, 10 USC (1946 ed) § 1507,[2] "except that the record may be sent directly to the Judge Advocate General."[3] This alternative was permitted *"in order to provide for situations where no judge advocate or law specialist is assigned to the staff of the officer exercising general court-martial jurisdiction or where direct transmittal to the Judge Advocate General or a branch office would be more expeditious."*[4] (Emphasis supplied.) Neither of the reasons for this alternative procedure is present in the instant case. It is clear that a staff judge advocate had been assigned to the staff of the officer exercising general court-martial jurisdiction. Furthermore, direct transmittal to The Judge Advocate General was not considered "more expeditious."[5] Under these circumstances, we believe the accused was entitled to have the case reviewed "in the same manner as a record of trial by general court-martial."[6] Cf. United States v McDaniel, 7 USCMA 56, 21 CMR 182.

While it is true that General Gibson could have acted initially on the record as the general court-martial convening authority, Article 23(a) (1) of the Code, supra, 10 USC § 823, thereby affording the accused but a single review prior to that required by Article 66(b) of the Code, supra, 10 USC § 866, this does not mean that what he did was proper. The fact remains that he acted initially as special court-martial convening authority and subsequently as the supervisory authority. This strikes us as being more than just an "unusual" procedure. We do not question in the slightest General Gibson's impartiality and fairness in acting upon the record as both convening and supervisory authorities. Neither are we concerned with whether the accused was in fact prejudiced by this situation for in both reviews relief was accorded him.

The real issue, as we view it, is not so much one of prejudice to the accused as it is one of eligibility on the part of the supervisory authority. We have frequently expressed the view that one should not be placed in a position where he will be called upon to review a matter upon which he has already acted, unless specifically authorized by the Code. In the recent case of United States v Renton, 8 USCMA 697, 25 CMR 201, we held that it was error for a law officer who had assisted the prosecution in drafting the specifications upon which the accused was tried to subsequently act as law officer in the same case. In reaching our holding in that case, we said:

". . . Human nature being what it is, the very fact of being called upon to condemn or countenance one's own workmanship cannot create a healthy outcome and less so when the

[2] Article of War 36 reads as follows: "After having been acted upon by the officer appointing the court, or by the officer commanding for the time being, the record of each trial by special court-martial and a report of each trial by summary court-martial shall be transmitted to the headquarters of the officer exercising general court-martial jurisdiction over the command, there to be filed in the office of the staff judge advocate: *Provided, however,* That each record of trial by special court-martial in which the sentence, as approved by the appointing authority, includes a bad-conduct discharge, shall, if approved by the officer exercising general court-martial jurisdiction under the provisions of article 47, be forwarded by him to The Judge Advocate General for review as hereinafter in these articles provided. When no longer of use, records of summary courts-martial may be destroyed as provided by law governing destruction of Government records."

[3] Hearings before House Armed Services Committee on HR 2498, 81st Congress, 1st Session, page 1186.

[4] Hearings on HR 2498, supra, page 1186.

[5] Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, states that "direct transmittal should be authorized only in exceptional cases and for good reasons."

[6] Article 65(b) of the Code, supra.

outcome concerns the accused's denial of substantial rights. Cf. United States v Mortensen, 8 USCMA 233, 24 CMR 43. Such activities on the part of a law officer are not the 'stuff' that adversary proceedings are made of. In a word, the law officer should have disqualified himself without the necessity of submitting the question of challenge to the court-martial."

Again, in United States v McClenny, 5 USCMA 507, 18 CMR 131, we held that where a reviewing authority had been a witness for the prosecution at trial, he was later disqualified from reviewing the record because he could not "exercise the degree of impartiality required for a proper review." Cf. United States v Hightower, 5 USCMA 385, 18 CMR 9; United States v Clisson, 5 USCMA 277, 17 CMR 277; and United States v Coulter, 3 USCMA 657, 14 CMR 75. In United States v Wilson, 7 USCMA 656, 23 CMR 120, we held that a law officer who had appeared at trial as a witness for the prosecution was thereafter forbidden to act as law officer in the case, and the tribunal ceased to be a court-martial "for any purpose except to take the steps necessary to have itself reconstituted." In United States v Hill, 6 USCMA 599, 20 CMR 315, we held it constituted error for the post-trial review to be prepared by one who had previously served as law officer at the separate trial of the accused's coactor. We said in that case that the interests of justice require that "the appearance of evil should be avoided as well as the evil itself." Cf. United States v Turner, 7 USCMA 38, 21 CMR 164; United States v Valenzuela, 7 USCMA 45, 21 CMR 171.

We hold, therefore, that General Gibson having acted as a special court-martial convening authority was thereafter ineligible to act as supervisory authority upon the same case. The decision of the board of review is reversed. The error may be effectively cured at the level of the proceedings at which it occurred. Accordingly, we return the case to The Judge Advocate General of the Air Force for reference to another supervisory authority for further proceedings not inconsistent with this opinion.

**248**

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

When the sentence of a special court-martial, as approved by the convening authority, includes a bad-conduct discharge, Article 65, Uniform Code of Military Justice, 10 USC § 865, provides that the record may either be forwarded to the board of review or reviewed by an officer having general court-martial jurisdiction. Stated schematically, the channel for review could run direct to the board of review and thus by-pass the supervisory authority. Here, however, the indirect route was chosen, for the record was channeled through him before the case reached the board of review. As this second review was a bounty bestowed on the accused, it is difficult to envision prejudicial error merely because the same officer, as a result of a change in command, searched the record twice. Indeed, not only is there a lack of prejudice but the accused received a benefit as a consequence of each review. During the initial action of the convening authority, the sentence of the accused was reduced and during the review at the supervisory authority level—after a review by a staff legal officer—one of the original charges was dismissed. In opposition to this tangible benefit which the Government points to, the accused fails to produce any evidence to indicate prejudice or to show the denial of a substantial right or privilege. Perhaps this explains the most startling statement of my associates that:

". . . We do not question in the slightest General Gibson's impartiality and fairness in acting upon the record as both convening and supervisory authorities. Neither are we concerned with whether the accused was in fact prejudiced by this situation for in both reviews relief was accorded him.

"The real issue, as we view it, is not so much one of prejudice to the accused as it is one of eligibility on the part of the supervisory authority."

For my part, I find the doctrine of

ineligibility to be unsound but, even if it were good law, an accused cannot accept the benefits of a review on the one hand and on the other hand contend that the officer granting the benefaction was ineligible to act. But, more important, I prefer to follow the mandate of Article 59, 10 USC § 859, and I would, therefore, affirm the decision of the board of review.