UNITED STATES, Appellant

v

DOUGLAS W. BONDY, Private First Class,
U. S. Marine Corps, Appellee

13 USCMA 448, 32 CMR 448

*Commander Benjamin H. Berry,* USN, argued the cause for Appellant, United States.

*Lieutenant Colonel M. G. Truesdale,* USMC, argued the cause for Appellee, Accused.

## Opinion of the Court

QUINN, Chief Judge:

This case is before us on certificate of The Judge Advocate General of the Navy, bringing up for consideration the jurisdiction of the board of review to review the accused's conviction.

Bondy was tried jointly with Private James T. Kempenar by a special court-martial on two specifications of unauthorized absence and wrongful appropriation of a motor vehicle, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 USC §§ 886, 921, respectively. Both were found guilty as charged. Evidence was then introduced to show Kempenar had been convicted on four previous occasions, and that on one of those had been sentenced to a bad-conduct discharge. Bondy had no previous convictions. The court-martial sentenced Bondy to confinement at hard labor for three months and partial forfeitures for a like period, with reduction to the grade of Private; Kempenar was sentenced to a bad-conduct discharge, confinement at hard labor for six months, and partial forfeitures for the same period.

On initial review, the convening authority approved the findings of guilty and the sentence as to each accused, and forwarded the record of trial for further review to the Commander of the U.S. Naval Base, Subic Bay, as the authority exercising general court-martial jurisdiction. As to Bondy, the general court-martial authority purported to act under the provisions of Article 65(c) of the Uniform Code, 10 USC § 865, which, in part, provide for review of a special court-martial conviction in which the sentence does not include a bad-conduct discharge. As to Kempenar, he proceeded under the provisions of Article 65(b) of the Uniform Code, 10 USC § 865, which govern the review of a special court-martial case in which the sentence, as approved by the convening authority, includes a punitive discharge. The record of trial then came before the board of review.

Both accused were listed in the caption of the proceedings before the board of review. The board of review determined that the evidence was insufficient to "support a finding that the accused jointly and in pursuance of a common intent wrongfully appropriated the vehicle described in the specification." It, therefore, set aside the findings of guilty of wrongful appropriation and dismissed the charge. Cf. United States v Waluski, 6 USCMA 724, 728, 21 CMR 46. As a result of its action on the findings, the board of review reduced Kempenar's sentence to confinement at hard labor for two months, and partial forfeitures for the same period. It also reduced Bondy's sentence to confinement at hard labor for one month and partial forfeitures for a like period. When the board of review promulgated its decision, the Government moved for reconsideration on the ground that the board of review had no jurisdiction to act on Bondy's findings and sentence. The motion was denied.

Review proceedings immediately after conviction by court-martial are provided for by Article 64 of the Uniform Code, 10 USC § 864. The Article requires the authority convening the court-martial to act first on the court-martial's findings and sentence. Thereafter, the course of review depends either upon the nature of the sentence

**449**

or the special status of the accused. So far as a special court-martial is concerned, if the sentence "as approved by the convening authority includes a bad-conduct discharge" the record of trial must be forwarded to the officer exercising general court-martial jurisdiction for review upon the same basis as a general court-martial record, or it must be forwarded directly to The Advocate General for submission to a board of review for review. Article 65(b), Code, supra; see United States v McGary, 9 USCMA 244, 26 CMR 24. If, in turn, the general court-martial authority approves a sentence that includes a bad-conduct discharge, the record must be forwarded for further review by a board of review. Articles 65(b) and 66 (b), Code, 10 USC §§ 865 and 866. On the other hand, if the action of the convening authority or the general court-martial authority results in a sentence which does not include a discharge, the record of trial is reviewed by a legal officer and "disposed of as the Secretary concerned may prescribe by regulations." Article 65(c), Code, supra.

Persons accused jointly may be tried either separately or in common. See Manual for Courts-Martial, United States, 1951, paragraphs 26d, 33e; United States v Payne, 12 USCMA 455, 31 CMR 41. If they are tried separately by special court-martial, the sentence imposed on each may, and, because the matter is one of individual consideration, properly can, be different. If the sentence imposed upon one accused includes a bad-conduct discharge, that accused is entitled by right to further review by a board of review; however, if the sentence of a joint accused tried separately does not include punitive separation from the service, that accused does not have a right to further review by a board of review. In its opinion denying the Government's motion for reconsideration, the board of review recognized that if Bondy had been separately tried, there would be no statutory authority to act on his sentence because it reviewed his co-accused's case. See United States v Whitman, 3 USCMA 179, 180, 11 CMR 179; United States v Gordon, 2 USCMA 632, 10 CMR 130; cf. United States v Lovett, 7 USCMA 704, 23 CMR 168. The question, then, is whether Congress intended to change the normal pattern of review, to confer upon the board of review the power to act on a matter affecting an accused whose sentence is otherwise not subject to such review, because the matter appears in the record of trial of an accused sentenced to a punitive discharge. In our opinion, the Uniform Code of Military Justice indicates no such purpose.

The board of review discerned the basis for enlargement of its normal jurisdiction in the provision of Article 66 (b), Code, supra, directing The Judge Advocate General to "refer to a board of review the record in every case of trial by court-martial" in which the sentence extends to a punitive discharge. It interpreted this provision to mean that where there is a single record of trial of several joint accused, the nature of the sentence imposed upon each is immaterial as long as the sentence of at least one accused includes a bad-conduct discharge. This interpretation disregards a fundamental precept of the appellate process established by the Uniform Code. Automatic review beyond the command level is expressly conditioned upon the existence of a particular sentence.[1] The limitation applies to appeals to this Court. A death case, for example, *must* be reviewed by this Court. Other cases, however, require the accused to petition for grant of review; and if an accused fails to petition, the proceedings as to him become final without our action. Such a situation existed in United States v Wilson, 7 USCMA 656, 23 CMR 120, reversing 22 CMR 793. Wilson and Cubbage were tried jointly for housebreaking and larceny. Each was sentenced to a bad-conduct discharge and confinement at hard labor for one year; the convening authority suspended execution of the discharge as to Cubbage, but not as to Wilson. Pursuant to Ar-

---

[1] We are aware, of course, of the fact that in some instances the status of the accused provides the basis for such review. Articles 66(b) and 67(b)(1), Uniform Code of Military Justice, 10 USC §§ 866 and 867, respectively.

ticle 66(b), Code, supra, the record of trial was reviewed by a board of review, and the sentence of each accused was approved. Perhaps because of the suspension of his discharge, Cubbage did not seek further review by this Court. Wilson did. We granted Wilson's petition; reviewed the record of trial; and reversed his sentence on the ground that the law officer became a witness for the prosecution during the sentence procedure, and should have been excused forthwith. Since Cubbage's "case" was not before us, we did not consider the effect of the error on his sentence.

When used in the Uniform Code, the word "case" has varied meanings. United States v Gann, 3 USCMA 12, 11 CMR 12. As used in delineation of the process of review, "case" refers to both the findings and the sentence. United States v Best, 4 USCMA 581, 583, 16 CMR 155. The findings and sentence are special and peculiar to each accused, whether he be tried jointly or separately. The combination of findings and sentence constitutes the accused's "case." We hold, therefore, that the board of review was without power to act directly on Bondy's sentence because his "case" was not before it. We answer the certified question, which asks whether the board of review had "jurisdiction to act on the findings and sentence" as to Bondy, in the negative.

The decision of the board of review as to Bondy is reversed. The record of trial is returned to The Judge Advocate General of the Navy for action consistent with this opinion.[2]

Judges FERGUSON and KILDAY concur.

[2] At oral argument, we were informed by Government counsel that The Judge Advocate General of the Navy might take such action as would insure that Bondy would not suffer, even if it were determined that the board of review erred in asserting jurisdiction over his case. See United States v Claypool, 10 USCMA 302, 303, 27 CMR 376; United States v Porter, 11 USCMA 170, 171, 28 CMR 394.