JAMES E. JONES, Private, U. S. Marine Corps, Petitioner

v

Honorable PAUL R. IGNATIUS, Secretary of the Navy;

General LEONARD F. CHAPMAN, USMC, Commandant, United States Marine Corps;

Major General DONN J. ROBERTSON, USMC, Commanding General, Marine Corps Base, Camp Pendleton, California;

Lieutenant Colonel C. E. FERGUSON, USMC, Commanding Officer, Staging Battalion, Marine Corps Base, Camp Pendleton, California;

Lieutenant Colonel R. F. VAN CANTFORT, USMC, Commanding Officer, U. S. Naval Disciplinary Command, Portsmouth, New Hampshire;

Lieutenant Colonel ROBERT F. GLANCY, USMC, Custody Officer, U. S. Naval Disciplinary Command, Portsmouth, New Hampshire, Respondents

18 USCMA 7, 39 CMR 7

MISCELLANEOUS DOCKET No. 68–14

November 1, 1968

*Lieutenant Stephen W. Grafman*, JAGC, USNR, argued the cause for Petitioner.

*Captain John J. Kelly, Jr.*, USMCR, argued the cause for Respondents. With him on the brief was *Colonel C. R. Larouche*, USMC.

## Opinion of the Court

FERGUSON, Judge:

Accused was convicted on June 25, 1968, by a special court-martial convened at Camp Pendleton, California, of one specification of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, and sentenced to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $68.00 per month for a similar period. On July 15, 1968, the convening authority, in part, took the following action:

"In the foregoing case of Private James E. JONES, 2344062, U. S. Marine Corps, tried by special court-martial on 25 June 1968, the bad conduct discharge is commuted to confinement at hard labor for five months and forfeiture of $68.00 per month for five months.

"Only so much of the sentence as commuted which provides for confinement at hard labor for eleven months and forfeiture of $68.00 per month for eleven months is approved and will be duly executed."

The supervisory authority at Camp Pendleton approved the sentence "as commuted, approved and ordered executed by the convening authority." The order reflecting this approval also contained the following statement:

"This record has been reviewed in accordance with Article 65(c), Uni-

form Code of Military Justice, and is thus final and conclusive in the sense of Article 76, Uniform Code of Military Justice."

The accused, through counsel, has petitioned this Court for a Writ of Habeas Corpus or, in the alternative, such other further or different and appropriate relief as may be required, on the ground that the convening authority erred in his attempted commutation of this sentence. Specifically, it is asserted that since the maximum period of confinement imposable by a special court-martial is six months, and the maximum imposable forfeiture is two-thirds pay per month for six months, Code, supra, Article 19, 10 USC § 819, the approval of confinement and forfeitures of eleven months is illegal, being in direct contravention of the Code.

The Government contends in the alternative that: (1) This Court has no jurisdiction to act in this case, under either the Habeas Corpus or All Writs Act of the U. S. Code, 28 USC §§ 2241 (a), 1651(a); and (2) a special court-martial convening authority has the power to commute a sentence to one that is less severe, even though not within the jurisdictional limits of a special court-martial.

The Government concedes that the sentence, as approved, was one that a special court-martial could not adjudge; however, it asserts that that portion of

the approved sentence to confinement and forfeitures in excess of the statutory limitation *"was not adjudged* by the court-martial," rather "[i]t came about as the result of the exercise by the convening authority of his powers of commutation."

The power of reviewing authorities to commute a sentence to one of less severity than that adjudged by a court-martial is no longer in dispute. Code, supra, Article 64, 10 USC § 864. United States v Russo, 11 USCMA 352, 29 CMR 168; United States v Smith, 12 USCMA 595, 31 CMR 181; United States v Prow, 13 USCMA 63, 32 CMR 63; cf. United States v Johnson, 12 USCMA 640, 31 CMR 226. And, as we said in United States v Brown, 13 USCMA 333, 336, 32 CMR 333:

"... Considering the consequences of a bad-conduct discharge, we entertain no doubt that confinement at hard labor for six months and forfeiture of pay for a like period is a less severe penalty and that it was, therefore, within the competence of the convening authority so to reduce the punishment. United States v Prow, supra; United States v Smith, 12 USCMA 595, 31 CMR 181; United States v Johnson, 12 USCMA 640, 31 CMR 226."

The landmark case in the area of commutation is United States v Russo, supra. Subsequently, in United States v Plummer, 12 USCMA 18, 30 CMR 18, we held that "a convening authority may not approve a penalty which is not included within the sentencing power of a court-martial." There the convening authority *approved* the court's sentence to dismissal but *recommended* that it be commuted by higher authorities to an administrative form of discharge under other than honorable conditions. We reversed because the convening authority's action was ambiguous. While actual reduction in severity of sentence was not the precise issue in *Plummer,* we therein expressed what had been implied in *Russo;* namely, that the power of commutation encompassed only those penalties that are within the power of the court to adjudge. See also United States v Christensen, 12 USCMA 393, 30 CMR 393.

Turning now to the matter before us, it is at once apparent that, as the Government concedes, the convening authority approved a sentence to confinement and forfeitures which is in excess of that which could have been imposed by the court. It matters not that he first *approved* the adjudged sentence and thereafter *commuted* a portion thereof. His authority to commute any portion thereof is not unrestricted but limited as we have noted. If a special court-martial is restricted by law from imposing a sentence of confinement and partial forfeitures for a period of eleven months, it can hardly be argued that the convening authority can achieve such a result by his powers of commutation. The logic of an argument to the contrary escapes us. Having attempted to do so in the case at bar, we hold his action illegal. United States v Russo, supra, and cases cited above. See also United States v Johnson, supra.

Conversion of a discharge into another form of punishment is not the same as total disapproval; and at least to the extent that it is used to increase the remaining punishment beyond that allowed by law, the discharge must be considered as still inherent in the sentence. In our opinion, therefore, the convening authority's action did not bar further review under the provisions of Code, supra, Articles 66(b) and 67(b)(3). Proceedings in this Court to preserve the right of review are, therefore, appropriate. Gale v United States, 17 USCMA 40, 37 CMR 304; United States v Frischholz, 16 USCMA 150, 36 CMR 306.

Accordingly, the accused's petition for appropriate relief is granted and the action of the convening authority is set aside. The record of trial is returned to the Judge Advocate General of the Navy. A new action by the convening authority should be ordered.

Chief Judge QUINN concurs.