ROBERT DUPREE ROBISON, Seaman Recruit, U. S. Navy,
Petitioner

v

P. D. ABBOTT, Lieutenant Commander, Commanding Officer,
USS RAMSEY (DEG-2),

and

C. R. McVAY, Chief Warrant Officer, Corrections Officer, U. S.
Naval Station/Naval Support Activity, Long Beach, California,
Respondents

*Lieutenant Commander Jeffrey H. Bogart,* JAGC, USN, and *Captain D. A. Higley,* USMC, counsel for Petitioner.

*Lieutenant Colonel P. N. Kress,* USMC, and *Lieutenant Colonel L. K. O'Drudy, Jr.,* USMC, counsel for Respondents.

## MEMORANDUM OPINION OF THE COURT

In the petition now under consideration, petitioner seeks his release from confinement, contending that the order by which it was directed is illegal.

It appears from the pleadings that upon the basis of his pleas of guilty, a special court-martial convicted petitioner of certain charges and imposed a sentence limited to a bad-conduct discharge. Upon review, the convening authority took the following action:

> [T]he sentence is approved, but the bad-conduct discharge is changed to the lesser punishment of confinement at hard labor for two months, forfeiture of two-thirds pay for a period of six months and reduction to SR. The sentence as changed is approved and will be duly executed.

The officer exercising general court-martial jurisdiction converted the forfeiture portion of the sentence to a specific amount,[1] and otherwise approved the convening authority's action. Relying on the provisions of Article 65(c), Uniform Code of Military Justice, 10 USC § 865(c), he did not forward the record of trial to the Court of Military Review.[2]

Immediately following the convening authority's action, petitioner was confined pursuant to the sentence as modified. Applications for deferment of confinement were denied.[3]

Petitioner now seeks release from confinement contending that the convening authority's action is illegal for it contravenes the terms of a pretrial agreement. Jurisdiction of this Court in the premises is predicated, according to petitioner, upon the provisions of 28 USC §§ 2241(a) and 1651(a).

 Obviously, this Court is not included within the provisions of 28 USC

---

[1] Paragraph 126*h,* Manual for Courts-Martial, United States, 1969 (Rev.).

[2] Article 65, UCMJ, relates to the disposition of records after review by the convening authority. Sub-paragraphs (b) and (c) thereof provide:

(b) If the sentence of a special court-martial as approved by the convening authority includes a bad-conduct discharge, whether or not suspended, the record shall be sent to the officer exercising general court-martial jurisdiction over the command to be reviewed in the same manner as a record of trial by general court-martial or directly to the appropriate Judge Advocate General to be reviewed by a Court of Military Review. If the sentence as approved by an officer exercising general court-martial jurisdiction includes a bad-conduct discharge, whether or not suspended, the record shall be sent to the appropriate Judge Advocate General to be reviewed by a Court of Military Review.

(c) All other special and summary court-martial records shall be reviewed by a judge advocate of the Army, Navy, Air Force, or Marine Corps, or a law specialist or lawyer of the Coast Guard or Department of the Treasury, and shall be transmitted and disposed of as the Secretary concerned may prescribe by regulation.

[3] See Article 57(d), UCMJ, 10 USC § 857(d).

§ 2241,[4] and petitioner's reliance upon that statute is misplaced. Under 28 USC § 1651(a), in extraordinary circumstances, this Court may accept and act upon a petition of an accused member of the military services at any stage of the proceedings prior to the time contemplated by Article 67(c), UCMJ, 10 USC § 867(c), only when such action is "in aid of our jurisdiction." In this connection we have stated:

> There can be no doubt of the fact that this Court does possess the authority to resort to extraordinary writs under the All Writs Act, 28 USC § 1651. . . . But such resort is had, under the very terms of the statute, *in aid* of the exercise of our jurisdiction over cases properly before us or which may come here eventually. Our jurisdiction to hear appeals, no matter how well-founded, is set out by Congress in Code, supra, Article 67. We cannot by judicial fiat enlarge the scope of our appellate review to embrace those cases which Congress thought justified no remedy beyond the powers it so recently confided to the Judge Advocate General under Code, supra, Article 69.

United States v Snyder, 18 USCMA 480, 482–83, 40 CMR 192, 194–96 (1969).

The threshold problem presented by the facts set out in the petition is whether, in the light of the action taken by the convening authority, the petitioner's court-martial is one which is "properly before us or which may come here eventually." Stated in the terms of the statute, the issue is whether the relief sought is "in aid of [our] jurisdiction."

Whether a particular case (other than one which affects a general or flag officer or extends to death)[5] falls within the scope of our jurisdiction depends upon the extent of the sentence approved by the convening authority. We detailed the particulars of this in United States v Snyder, supra, and need not now retrace

that progression toward our ultimate and basic appellate function. See also United States v Bondy, 13 USCMA 448, 32 CMR 448 (1963).

In the instant case, the sentence under which petitioner labors as a result of the convening authority's action does not expressly include the bad-conduct discharge imposed by the court-martial. Petitioner acknowledges this, but he argues that here, as in Jones v Ignatius, 18 USCMA 7, 39 CMR 7 (1968), commutation of the punitive discharge "undeniably increased certain categories of punishment (confinement, forfeitures and reduction) to a level 'beyond that allowed by law' . . . since he violated the terms of a legally binding pretrial agreement."

The power of a convening authority to reduce a sentence to a penalty less severe than that adjudged by the court-martial is now well established. United States v Russo, 11 USCMA 352, 29 CMR 168 (1960).

Reviewing a subsequent decision by a board of review in which a sentence to a bad-conduct discharge, unattended by other penalties, was changed to confinement at hard labor for 3 months and partial forfeiture of pay for a like period, we held

> changing . . . the punitive discharge . . . to confinement lessens the severity of the punishment. How far we can carry the analogy need not detain us. Suffice it that the period of confinement approved by the board of review is well within the limits defined in the earlier cases.

United States v Prow, 13 USCMA 63, 64–65, 32 CMR 63, 64–65 (1962).

In United States v Brown, 13 USCMA 333, 32 CMR 333 (1962), a convening authority's conversion of a bad-conduct discharge to a sentence of confinement at hard labor for a period of 6 months and 24 days, with partial forfeitures for 6 months, was affirmed.

---

[4] 28 USC § 2241(a) provides:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts, and any circuit judge within their respective jurisdictions. The order of a cir-

cuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

[5] See. Article 67(b)(1), UCMJ, 10 USC § 867(b)(1).

Upon a rehearing in a trial court, similar considerations permit the imposition of a sentence to confinement and forfeitures in lieu of a bad-conduct discharge, provided that the trial court considers such a substitution appropriate, and provided further, that the sentence so imposed is within the jurisdictional limits of the tribunal. United States v Smith, 12 USCMA 595, 31 CMR 181 (1961).

■ From the foregoing it is clear that the convening authority's action in the instant case was well within his statutory authority—and duty—to "approve . . . the sentence or such part or amount of the sentence, as he finds correct in law and fact and as he in his discretion determines should be approved." Article 64, UCMJ, 10 USC § 864.

■ The case of Jones v Ignatius, supra, is inapposite. There, the convening authority had before him a sentence adjudged by a special court-martial of bad-conduct discharge, confinement at hard labor for 6 months and partial forfeiture for a like period. In his action, the convening authority approved the confinement and forfeitures imposed *and* undertook to convert the bad-conduct discharge to an additional period of confinement and forfeitures. The net result of his action, we held, was the approval of a sentence in excess of the jurisdictional limits of a special court-martial, and to the extent of that excess the bad-conduct discharge was necessarily "considered as still inherent in the sentence." 18 USCMA at 9, 39 CMR at 9. Here, the convening authority did not build upon the discharge and thereby exceed his authority; his action patently mitigated that punishment. Finally, his statement that the sentence was approved, taken in the context of the remainder of his action, cannot be construed as approval of a bad-conduct discharge within the meaning of Article 65(b), UCMJ. Upon promulgation of that action, no subsequent authority could restore the punitive discharge. See United States v Johnson, 12 USCMA 640, 31 CMR 226 (1962); see also United States v Blackwell, 36 CMR 835 (AFBR 1965).

■ It follows from what we have said that the sentence, as approved by the convening authority, does not affect a general or flag officer, or extend to death, a punitive discharge, or confinement at hard labor for 1 year or more. Thus, the petition filed in this case is not based upon a case which is "properly before us or which may come here eventually." United States v Snyder, supra at 483, 40 CMR at 195. Whether the convening authority's action violated the terms of a pretrial agreement is not properly before us and is not decided.

Accordingly, the petition is dismissed.