**UNITED STATES, Appellee,**

v.

**Private (E–1) Theodis WILLIAMS, SSN 366–60–2917, United States Army, Appellant.**

**SPCM 13043.**

U. S. Army Court of Military Review.

28 June 1978.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain Larry D. Anderson, JAGC, and Captain Allan T. Downen, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Captain Laurence M. Huffman, JAGC, and Captain Paul W. Jacobson, JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A MOTION FOR RECONSIDERATION

PER CURIAM:

Appellant petitions this Court for extraordinary relief, asking reconsideration of our prior decision affirming a finding of guilty of failing to obey an order of a superior officer.* Appellant uses the procedural device of extraordinary relief because the sentence as finally approved by the convening authority of this special court-martial does not "affect a general or flag officer, or extend to death, dismissal of a commissioned officer, cadet or midshipman, dishonorable or bad-conduct discharge, or confinement for one year or more." Article 66(b), Uniform Code of Military Justice, 10 U.S.C. § 866(b). Thus under the Code this case would not come before us for review.

The appellant contends that this case is controlled by the Court of Military Appeals opinion in *Jones v. Ignatius,* 18 U.S.C.M.A. 7, 39 C.M.R. 7 (1968), wherein the Court held:

"Conversion of a discharge into another form of punishment is not the same as total disapproval; and at least to the extent that it is used to increase the remaining punishment beyond that allowed by law, the discharge must be considered as still inherent in the sentence. In our opinion, therefore, the convening authority's action did not bar further review under the provisions of the Code, *supra,* Articles 66(b) and 67(b)(3)." 39 C.M.R. at 9.

In the instant case, the convening authority, when he converted the bad-conduct discharge into three additional months of confinement, did not increase the punishment beyond the six months legal limit of the special court-martial. Thus there was no

---

* In our prior unpublished decision of 17 March 1978, we set aside other findings of guilty of failing to obey a superior officer and wrongfully communicating a threat (two specifications). We authorized the convening authority to (a) order a rehearing on any or all of the specifications and charges set aside, and on the sentence; or (b) dismiss the charges and specifications set aside and order a rehearing on sentence only, or reassess the sentence, based upon the finding of guilty that was approved. The convening authority chose to dismiss the charges and specifications set aside and to reassess the sentence.

basis for the discharge to remain inherent in the sentence.

We believe this case comes within the purview of *Robison v. Abbott,* 23 U.S.C. M.A. 219, 49 C.M.R. 8 (1974), rather than *Jones v. Ignatius, supra.* In *Robison,* as here, the convening authority converted the bad-conduct discharge to a period of confinement that did not exceed the six month limit of the court. The Court of Military Appeals found such action to be mitigating; determined that the bad-conduct discharge did not remain inherent in the sentence; and concluded there was no basis for appellate review under Articles 66 or 67, UCMJ. It therefore dismissed the petition for extraordinary relief.

As the only appellate review now provided for in this case is under Article 65(c), rather than 66(b), UCMJ, there is no basis for future review by this Court and this petition is not properly before us. *Robison v. Abbott, supra.* Accordingly, the petition is dismissed.