Bruce R. BERNARD, Storekeeper Seaman U. S. Naval Reserve, Petitioner,

v.

COMMANDER, NAVAL SURFACE FORCES, U. S. ATLANTIC FLEET, Commanding Officer, USS Guadalcanal (LPH–7), United States of America, Respondents.

Misc. Docket No. 80–1.

U. S. Navy Court of Military Review.

30 June 1980.

LCDR I. D. Warden, Jr., JAGC, USN, Appellate Defense Counsel.

MAJ D. A. Higley, USMC, Appellate Government Counsel.

BAUM, Senior Judge.

This case is before the Court by way of a petition for extraordinary relief requesting reversal of the general court-martial authority's sentence commutation, or in the alternative, reversal of the conviction due to improvidence of the guilty plea. The facts giving rise to this petition are simple. Petitioner, pursuant to his pleas of guilty, was convicted by special court-martial on 27 June 1979 of two drug offenses and sentenced to a bad-conduct discharge with no other punishment. The guilty pleas were entered in accordance with a pretrial agreement which contained the following sentence terms:

*Maximum sentence to be approved by the convening authority:*

1. Bad Conduct Discharge: if adjudged, to be suspended for a period of one year from the date of the trial.

2. Confinement at hard labor: if adjudged, to be approved, with that period of confinement, if any, in excess of twenty-nine (29) days to be disapproved.

3. Forfeitures: as adjudged.

4. Reduction in Rate: if adjudged, to be suspended for a period of one (1) year from the date of trial.

Contrary to this agreement, the convening authority, on 8 August 1979, approved the bad-conduct discharge without suspension. On 18 October 1979, the general court-martial authority's staff judge advocate advised that officer that since the convening authority had failed to comply with the terms of the pretrial agreement the supervisory authority "must correct this discrepancy and suspend the punitive discharge for one year from the date of trial." The supervisory authority, in a letter to the Officer in Charge, Navy Appellate Review Activity, dated 23 November 1979, indicated disagreement with his staff judge advocate, expressing the view "that imposition of a bad-conduct discharge, although suspended for a period of one year from the date of trial, is not warranted in this case." Accordingly, on 24 November 1979, the general court-martial authority took the following action:

5814
24 Nov 1979
Docket No. B164–79B

In the special court-martial of Storekeeper Seaman Bruce R. Bernard, U. S. Naval Reserve, on active duty, convened by Commanding Officer, USS GUADALCANAL (LPH–7), and tried on 27 June 1979, the sentence of a bad conduct discharge awarded by the court is hereby commuted to the lesser punishment of forfeiture of $279.00 pay per month for six months and reduction to pay grade E–1. *Robinson* [sic] *v. Abbott*, 23 C.M.A. 219, 49 C.M.R. 8 (1974).

Defense counsel was afforded an opportunity to comment on any matter in the staff judge advocate's review considered to be erroneous, inaccurate, or misleading or otherwise worth [sic] of comment. *United States v. Goode*, 23 U.S.C.M.A. 357, 50 C.M.R. 1 (1975). Defense counsel submitted no such comments.

The record of trial has been reviewed pursuant to UCMJ, art. 65(b), 10 U.S.C. § 865(b).

/s/ J. D. Johnson

J. D. JOHNSON
Vice Admiral, U. S. Navy
Commander Naval Surface Force
United States Atlantic Fleet
Supervisory Authority

Copy to:
CA
Accused
Accused's CO (for Service Record)
OIC NAVLEGSVCOFF PHILA

On 4 January 1980, the accused petitioned this Court for extraordinary relief from the supervisory authority's action. On 11 January 1980 we ordered the Judge Advocate General to appoint counsel to represent petitioner and the respondents and that the respondents show cause why the relief requested should not be granted. Briefs having been submitted and oral argument presented on the issues, this Court is now prepared to address certain questions that have been raised.

First, the respondents have challenged the jurisdiction of this Court to entertain the instant petition because in their view there remains no approved punitive discharge sufficient to invoke appellate jurisdiction under Article 66(b), UCMJ, 10 U.S.C. § 866(b). As the respondents point out, this Court, under the All Writs Act, 28 U.S.C. § 1651(a) (1970), may issue an appropriate writ in aid of its existing or potential jurisdiction. *Dettinger v. United States*, 7 M.J. 216 (C.M.A.1979). They argue, however, that since this Court's appellate review authority under Article 66(b), UCMJ, is dependent upon there being an approved bad-conduct discharge and since none remains or is subject to revival, according to *Robison v. Abbott*, 23 U.S.C.M.A. 219, 49 C.M.R. 8 (1974), any writ prayed for would not be in aid of our jurisdiction. Furthermore, they assert that the All Writs Act does not operate to confer jurisdiction where none otherwise exists and, therefore, we have no authority to consider this petition.

The case of *Robison v. Abbott, supra,* presented issues with respect to the authority of the Court of Military Appeals similar to those encountered here. In certain important respects, however, the facts of that case differ from the one before this Court. The Court of Military Appeals held in *Robison v. Abbott* that it was without authority to consider a writ of habeas corpus because there was no approved bad-conduct discharge. Accordingly, the case was not reviewable under Article 67(c), 10 U.S.C. § 867(c) then or in the future and the requested writ was not in aid of the Court's jurisdiction. The convening authority in that case, after approving a bad-conduct discharge, commuted it to confinement, forfeiture and reduction. The general court-martial authority, with a slight modification, approved the convening authority's action. The Court of Military Appeals found that the convening authority was "well within his statutory authority—and duty— to 'approve . . . the sentence or such part or amount of sentence, as he finds correct in law and fact and as he in his discretion determines should be approved.'

Article 64 UCMJ, 10 U.S.C. § 864".[1] Furthermore, the Court said that "the convening authority did not build upon the discharge and thereby exceed his authority; his action patently mitigated that punishment . . . Upon promulgation of that action, no subsequent authority could restore the punitive discharge."[2]

Here, in contrast to *Robison v. Abbott,* the convening authority did not mitigate the punishment. He patently exceeded his authority by failing to suspend the bad-conduct discharge in accordance with the terms of the pretrial agreement. His action in approving the bad-conduct discharge without suspension was, therefore, unlawful and required correction. We must view the supervisory authority's commuting action, then, in terms of whether it corrected an error of law committed by the convening authority, not simply whether it fell within the terms of the pretrial agreement as the Court in *Robison v. Abbott* was asked to decide. The general court-martial authority's staff judge advocate advised that officer that he must correct the convening authority's error by suspending the discharge, but the general court-martial authority chose to ignore this advice, proceeding, instead, to change the bad-conduct discharge to forfeitures for 6 months and an unsuspended reduction to E–1, purportedly as an act of clemency because he considered a bad-conduct discharge, even suspended, as too severe. The supervisory authority apparently saw no obligation to correct the convening authority's error and expressed no intention of doing so in his letter of disagreement with the staff judge advocate. This, too, is another factor which distinguishes the instant case from *Robison v. Abbott.* These distinctions aside, there is a defect associated with the action of the supervisory authority which removes this case from the ambit of *Robison v. Abbott* and renders the case potentially reviewable by this Court under Article 66, UCMJ.

The supervisory authority's action below purports to comply with *United States v. Goode,* 1 M.J. 3 (C.M.A.1975). In a literal sense the requirements of that case were met by service of a copy of the staff judge advocate's review on the defense counsel for comment before action was taken, but in a real sense the objectives of *Goode* were not satisfied because of the supervisory authority's disagreement with his staff judge advocate.

In *United States v. Goode,* the Court of Military Appeals decided it was essential that counsel for the accused be afforded the opportunity to correct or challenge the advice and recommendations submitted to the supervisory authority before any action was taken on the record. Otherwise, as later held in *United States v. Hill,* 3 M.J. 295 (C.M.A.1977), the supervisory authority's action would be set aside if this opportunity was not provided. Here, the defense counsel received the staff judge advocate's review and, understandably, had no quarrel with that officer's legal analysis; the supervisory authority, however, did not intend to follow that advice. We believe that when a supervisory authority, as here, disagrees with his staff judge advocate then the defense counsel must be informed of that disagreement and allowed to comment on it in order for there to be full compliance with *Goode.* There is no indication in this case that counsel was served with a copy of the supervisory authority's letter of disagreement with the staff judge advocate or otherwise advised and afforded an opportunity to comment on the supervisory authority's intended alternative action. Had the defense counsel been so informed he might have been able to dissuade the supervisory authority from his course by convincing him that the purported act of mitigation was not a lessening of the severity at all. Counsel could have argued, possibly with success, that any sentence resulting from commutation should be suspended since suspension of the bad-conduct discharge was required and, certainly, that the proposed reduction in rate should be suspended since the pretrial agreement ex-

1. 23 U.S.C.M.A. at 222, 49 C.M.R. at 11.  2. *Id.*

pressly called for that action. Failure to proffer the opportunity to the defense for such comment materially prejudiced a substantial right and requires the setting aside of the supervisory authority's action. *United States v. Hill, supra.*

■ Since there is a statutorily provided avenue of review open to the accused under Article 69, UCMJ, 10 U.S.C. § 869, as explained *infra,* the supervisory authority's action can be set aside for noncompliance with *Goode* upon submission of the case to the Judge Advocate General pursuant to that Article. Setting aside the supervisory authority's action would leave the convening authority's approved bad-conduct discharge intact until further action is taken. Thus, there is the potential for further review by this Court under Article 66, UCMJ. A bad-conduct discharge could possibly remain in some form after final action.[3] Accordingly, we have authority to entertain the instant petition for extraordinary relief because it is in aid of our potential jurisdiction.

■ In addition to the foregoing reason for finding authority to consider the petition in this case, there is another, possibly more important, rationale. The action of the supervisory authority failed to address the improper breach by the convening authority of his promise to the accused. When advised by the command's senior legal counsel of the proper corrective action to take, the supervisory authority refused, ostensibly for reasons of clemency when, in fact, the accused sees the result as a more severe sentence. This questionable action at the supervisory level has worked to divest this Court of its authority to review the case under Article 66, UCMJ. We believe that a writ aimed at correcting such a matter is clearly in aid of our jurisdiction when the corrective action could result in a reviewable sentence. In light of our broadly outlined responsibilities in *United States v. Dettinger, supra,* we would be remiss in

our judicial duty as the highest tribunal in the Naval Service if we failed to entertain the writ, interpretations of *Robison v. Abbott* to the contrary notwithstanding.

■ While finding jurisdiction to entertain the petition in this case, we still recognize that the last action on the record purports to be a final action under Article 76, UCMJ, 10 U.S.C. § 876, since on its face the supervisory authority's action does not contain an approved bad-conduct discharge. At the point when the supervisory authority acted, the case was not considered by those below to warrant forwarding for further review by this Court pursuant to Article 66 and it was not submitted to this Court for review in accordance with that Article. As we see it, then, the petitioner was and still is entitled to submit this case for review to the Judge Advocate General pursuant to Article 69, UCMJ, which reads, in part, as follows:

> Notwithstanding section 876 of this title (article 76) the findings or sentence, or both, in a court-martial case which has been finally reviewed, but has not been reviewed by a Court of Military Review may be vacated or modified, in whole or in part, by the Judge Advocate General on the ground of newly discovered evidence, fraud on the court, lack of jurisdiction over the accused or the offense, or error prejudicial to the substantial rights of the accused.

Petitioner is not confined or undergoing such punishment as would present an extraordinary circumstance warranting intervention by this Court at the present stage. In fact, during oral argument it was asserted that appellant had been released to inactive duty in the United States Naval Reserve without the sentence to forfeiture ever having been executed. Accordingly, it appears that review by the Judge Advocate General in the normal course of submission of the case pursuant to Article 69, UCMJ, should suffice to accord the accused the opportuni-

---

**3.** This is so despite the concept that future actions on a sentence are limited in severity by the last approved sentence, since under the unusual circumstances of this case there is a

real question here whether the supervisory authority's action, in fact, is less severe than a suspended bad-conduct discharge.

ty to have corrected all the errors asserted by way of his petition for extraordinary relief before this Court. In addition, submission of this case pursuant to Article 69, UCMJ, would bring the matters contained herein to the attention of the Judge Advocate General who in the exercise of his responsibility to supervise the administration of military justice under Article 6, UCMJ, 10 U.S.C. § 806, could pursue and correct improper practices that may have given rise to the errors noted in this case. Accordingly, it is, by the Court, this 30th day of June 1980,

ORDERED:

That said petition be, and the same hereby is, denied without prejudice to the right of petitioner to raise the same issues in a petition to the Judge Advocate General pursuant to Article 69, UCMJ, and in a petition for further relief to this Court should such action be considered necessary or appropriate after review by the Judge Advocate General.

Judge PRICE and Judge MICHEL concur.