**UNITED STATES**

v.

**Bruce R. BERNARD, 316 66 0975, Storekeeper Seaman (E–3), U. S. Naval Reserve.**

**NMCM 81 1824/Misc. Dkt. 80–1.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 27 June 1979.

Decided 30 June 1981.

LCDR I. D. Warden, Jr., JAGC, USN, Appellate Defense Counsel.

LTCOL J. Dewayne Littlejohn, USMC, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, JJ.

BAUM, Senior Judge:

Appellant was tried by a special court-martial composed of officer members on 27 June 1979. Pursuant to his pleas of guilty entered in accordance with a pretrial agreement, appellant was convicted of a drug offense in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892. The court members sentenced appellant to a bad-conduct discharge and no other punishment. The convening authority, who was required by the terms of the pretrial agreement to suspend the bad-conduct discharge, merely approved the sentence without suspension. The supervisory authority in his action on the case, contrary to the recommendation of his Staff Judge Advocate, commuted the bad-conduct discharge to unsuspended forfeitures and reduction in pay grade; whereupon, appellant petitioned this Court for extraordinary relief, requesting reversal of the general court-martial authority's sentence commutation or, in the alternative, reversal of the conviction due to improvidence of the guilty plea.

On 30 June 1980 this Court acted on that petition. We found reasons for which the supervisory authority's action could be set aside, which, if pursued, would reinstate the bad-conduct discharge. On that basis we found jurisdiction to entertain the extraordinary writ as a matter in aid of our potential jurisdiction over the case.[1] Finding no extraordinary circumstances to warrant intervention by this Court at that time, however, we denied the petition "without prejudice to the right of petitioner to raise the same issues in a petition to the Judge Advocate General pursuant to Article 69, UCMJ, 10 U.S.C. § 869, and in a petition for further relief to this Court should such action be considered necessary or appropriate after review by the Judge Advocate General." Appellant chose, instead, to appeal this Court's denial to the United States Court of Military Appeals which reversed our decision in the following manner:

UNITED STATES COURT OF MILITARY APPEALS

| | |
|---|---|
| BRUCE R. BERNARD (316–66–0975), Appellant<br><br>v.<br><br>Commander, Naval Surface Forces, U. S. Atlantic Fleet; and Commanding Officer, USS GUADALCANAL (LPH 7), Appellees | USCMA Misc. Dkt. No. 81–01/NA<br>CMR Misc. Dkt. No. 80–1<br><br><br>O R D E R |

Upon further consideration of the pleadings of the respective parties on a petition under Rule 3(b)(2), Rules of Practice and Procedure, United States Navy Court of Military Review for extraordinary relief, it is, by the Court, this 9th day of April, 1981,

ORDERED:

That the decision of the United States Navy Court of Military Review is reversed, and the record is returned to the Judge Advocate General of the Navy for submission to the court for review, as provided by Article 66(b), Uniform Code of Military Justice, 10 U.S.C. § 866(B). *Jones v. Ignatius*, 18 U.S.C.M.A. 7, 9, 39 C.M.R. 7, 9 (1968).

1. *Bernard v. Commander, Naval Surface Forces, U. S. Atlantic Fleet*, 9 M.J. 820 (N.C.M. R.1980).

Judge FLETCHER took no part in the consideration or decision of this case.

For the Court

/s/ Francis X. Gindhart
Clerk of the Court

cc: The Judge Advocate General of the Navy
Appellate Defense Counsel (WARDEN, JR.)
Appellate Government Counsel (LITTLEJOHN)

The Judge Advocate General subsequently transmitted the record to us as follows:

IN THE OFFICE OF THE
JUDGE ADVOCATE GENERAL OF THE NAVY

| | | |
|---|---|---|
| U N I T E D   S T A T E S | ) | USCMA Misc. Dkt. No. 81–01/NA |
| | ) | USNMCMR Misc. Dkt. No. 80–1 |
| v. | ) | |
| | ) | SPECIAL COURT–MARTIAL |
| BRUCE R. BERNARD | ) | |
| 316–66–1975 | ) | INSTRUCTIONS FOR COMPLI- |
| U. S. Naval Reserve | ) | ANCE WITH ORDER OF U. S. |
| | ) | COURT OF MILITARY APPEALS |

To: Chief Judge, U. S. Navy-Marine Corps Court of Military Review

1. By order of 9 April 1981, the U. S. Court of Military Appeals has reversed the decision of the U. S. Navy-Marine Corps Court of Military Review. The record has been returned to the Judge Advocate General of the Navy for submission to the Court for review, as provided by Article 66(b), Uniform Code of Military Justice, 10 U.S.C. § 866(b). *Jones v. Ignatius*, 18 U.S.C.M.A. 7, 9, 39 C.M.R. 7, 9 (1968).

2. The record of trial is hereby transmitted for further proceedings not inconsistent with the U. S. Court of Military Appeals order.

/s/ E. M. Byrne
By direction of the Judge Advocate General

Copy to:
Clerk, U.S.C.M.A.
Accused (4827 West Raymond St., Indianapolis, Indiana 46241)
Accused's Service record
· ADC
AGC
NMCMR
NAMARA
NC&PB

---

■ While neither of these quoted actions expressly states how the record of trial qualifies for review by this Court under Article 66, UCMJ, we presume from the citation of *Jones v. Ignatius*, 18 U.S.C.M.A. 7, 9, 39 C.M.R. 7, 9 (1968), that the supervisory authority's commutation action below has been deemed to be a nullity by the Court of Military Appeals, thereby presenting us with a case containing only the action of the convening authority. We will therefore treat the case as reaching us with an approved and unsuspended bad-conduct discharge; this approved sentence, however, did not comport with the terms of the pretrial agreement.

■ Having completed our review pursuant to Article 66, UCMJ, we will now cor-

rect the error committed by the convening authority and make the sentence conform to the terms of the pretrial agreement. *United States v. Cox*, 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972).

The findings of guilty and sentence, which consists of a bad-conduct discharge alone, are affirmed; however, pursuant to the terms of the pretrial agreement, the bad-conduct discharge is suspended for one year commencing 27 June 1979. That year having run and appellant having been released to inactive duty, the bad-conduct discharge is hereby remitted. All rights, privileges, and property of which the accused has been deprived by virtue of the improper action of the supervisory authority in commuting the sentence to unsuspended, forfeitures and reduction on 24 November 1979 will be restored.

Judge ABERNATHY and Judge KERCHEVAL concur.