UNITED STATES, Respondent

v

PAUL T. SNYDER, Sergeant, U. S. Air Force, Petitioner

18 USCMA 480, 40 CMR 192

Miscellaneous Docket No. 69–23

August 14, 1969

*John A. DeRonde, Esquire,* counsel for Petitioner.

*Lieutenant Colonel Robert W. Vayda* and *Major Robert L. Bates,* counsel for Respondent.

Tried by special court-martial convened at Travis Air Force Base, California, the accused was found guilty of adultery, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, and sentenced to detention of $50.00 per month for two months and reduction to the grade of sergeant. On March 14, 1969, the convening authority approved only so much of the sentence as provided for reduction to the grade of sergeant and ordered the punishment, as thus modified, executed.

Thereafter, accused submitted an appeal to the Judge Advocate General, United States Air Force, under the provisions of Article 69, Code, supra, 10 USC § 869, which, as amended by the Act of October 24, 1968, 82 Stat 1335, 1342, permit that officer to grant relief, on the ground of newly discovered evidence, fraud on the court, lack of jurisdiction over the accused or the offense, or error prejudicial to the substantial rights of the accused, in any case "which has been finally reviewed, but has not been reviewed by a Court of Military Review [under the provisions of Code, supra, Article 66, 10 USC § 866]." On May 13, 1969, the Judge Advocate General denied accused's claim for relief.

Subsequently, accused filed a "Petition for Review and Writ of Coram Nobis" with this Court. Among other errors, it alleges accused's court-martial lacked jurisdiction to try him for the offense of adultery under the principles laid down in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). In response thereto, the Government urges jurisdiction may be premised upon the fact that the victim was another serviceman's wife and that the meretricious relationship grew out of their association as employees at the Travis Air Force Base Hospital.

We do not reach the merits of the question thus presented, for, at the outset, we are met with a more serious question, i.e., that of our own jurisdiction to entertain an "appeal" from a decision of the Judge Advocate General, taken pursuant to the provisions of Code, supra, Article 69.

Article 67, Code, supra, 10 USC § 867, empowers this Court to review the record of a court-martial in three categories of cases:

". . . (1) all cases in which the sentence, as affirmed by a Court of Military Review, affects a general or flag officer or extends to death;

"(2) all cases reviewed by a Court of Military Review which the Judge Advocate General orders sent to the Court of Military Appeals for review; and

"(3) all cases reviewed by a Court of Military Review in which, upon petition of the accused and on good cause shown, the Court of Military Appeals has granted a review."

From the foregoing, it is apparent that appeals to this Court in the ordinary course are from decisions of the Courts of Military Review—formerly designated boards of review. Those bodies' jurisdiction, in turn, depends upon the sentence adjudged and approved in particular cases, i.e., whether such affects a general or flag officer or extends to death, dismissal of a commissioned officer, cadet, or midshipman, dishonorable or bad-conduct discharge, or confinement for one year or more. Code, supra, Article 66, 10 USC § 866. In addition, where the sentence in a general court-martial, as approved below, does not extend to those set out above, and the case, therefore, is reviewed only at the convening authority level and "examined in the office of the Judge Advocate General," it may be reviewed by a Court of Military Review "[i]f any part of the findings or sentence is found unsupported in law, or if the Judge Advocate General so directs." Code, supra, Article 69. In such event, however, "there may be no further review by the Court of Military Appeals except under section 867 (b) (2)," providing for certification of the case here.

Other courts-martial, which do not fall into the mentioned categories, are finally reviewed at the supervisory authority level. The Judge Advocate General, however, is empowered—notwithstanding the finality of such convictions under Code, supra, Article 76, 10 USC § 876—to hear an appeal therefrom and to vacate or modify the findings of guilty or sentence, or both, on "the ground of newly discovered evidence, fraud on the court, lack of jurisdiction over the accused or the offense, or error prejudicial to the substantial rights of the accused." Code, supra, Article 69.

It is into this last classification that accused's case falls. As his approved sentence extended only to reduction to the grade of sergeant and as he was tried only by special court-martial, the record was neither reviewable as a matter of right by a Court of Military Review under Code, supra, Article 66, nor was he entitled to have it "examined" in the office of the Judge Advocate General under the provisions of Code, supra, Article 69. However, accused was entitled to appeal the conviction and sentence to the Judge Advocate General and to seek invocation of the latter's powers under Code, supra, Article 69, for the reasons set forth in that Article.[1] This is the course which he has followed, the unsuccessful termination of which he desires reviewed here.

Accused does not contend, nor, indeed, could he do so, that his case is one reviewable by this Court in the ordinary course of appellate review. His record is not one reviewable by a Court of Military Review, nor, as we have noted, one which could be referred to that body by the Judge Advocate General, or, indeed, certified here under Code, supra, Article 67. Instead, accused refers to our decision in United States v Bevilacqua, 18 USCMA 10, 39 CMR 10, and asserts such stands for the proposition that this Court may review a special court-martial even if the approved sentence therein does not require the case to be reviewed by a Court of Military Review. Specifically, he invokes our jurisdiction on the basis of the Court's comment, at page 11, that it:

". . . is not powerless to accord relief to an accused who has palpably been denied constitutional rights in any court-martial; and that an accused who has been deprived of his rights need not go outside the military justice system to find relief in the civilian courts of the Federal judiciary."

Accused's reading of the foregoing language in Bevilacqua, supra, is overbroad. We specifically noted in that case that we "need not . . . demarcate the boundaries of our power," for, in any event, the accused was entitled to no relief on the merits of his claim, and that an attempt to invoke this Court's extraordinary powers could not be made a substitute for the ordinary appellate process. Cf. United States v Frischholz, 16 USCMA 150, 36 CMR 306. Moreover, in setting forth the concept on which accused relies, we referred to our prior decisions in United States v Frischholz, supra, and Gale v United States, 17 USCMA 40, 37 CMR 304, as well as that in Jones v Ignatius, 18 USCMA 7, 39 CMR 7, all of which dealt, not with the creation of a new jurisdiction, but with the exercise of this Court's powers ancillary to the jurisdiction which it possesses under Code, supra, Article 67. Indeed, we specifically referred to the fact that "we 'possess powers incidental to, and protective of, those defined in Article 67.'" United States v Bevilacqua, supra, at page 11.

There can be no doubt of the fact

---

[1] In fairness to the Judge Advocate General, it should be noted that his action herein was taken several weeks prior to the decision of the Supreme Court in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), and it does not, therefore, appear that he considered the merits of the case in light of that opinion's guidelines.

that this Court does possess the authority to resort to extraordinary writs under the All Writs Act, 28 USC § 1651. Noyd v Bond, 395 US 683, 23 L Ed 2d 631, 89 S Ct — (1969), specifically recognizes our authority in this area. And see United States v Frischholz, supra; Jones v Ignatius, supra. But such resort is had, under the very terms of the statute, *in aid* of the exercise of our jurisdiction over cases properly before us or which may come here eventually. Our jurisdiction to hear appeals, no matter how well-founded, is set out by Congress in Code, supra, Article 67. We cannot by judicial fiat enlarge the scope of our appellate review to embrace those cases which Congress thought justified no remedy beyond the powers it so recently confided to the Judge Advocate General under Code, supra, Article 69.

In sum, then, we believe the accused misreads our language in United States v Bevilacqua, supra. What we there stated concerning our duty and responsibility to correct deprivations of constitutional rights within the military system must be taken to refer to cases in which we have jurisdiction to hear appeals or to those to which our jurisdiction may extend when a sentence is finally adjudged and approved. Resort to extraordinary remedies such as those available under the All Writs Act, supra, cannot serve to enlarge our power to review cases but only to aid us in the exercise of the authority we already have. As such, therefore, we find no basis which permits us to review a special court-martial in which the adjudged and approved sentence extends only to reduction.

The petition is dismissed.