UNITED STATES, Respondent

v

ALBERT C. HOMCY, former Second Lieutenant,
U. S. Army, Petitioner

18 USCMA 515, 40 CMR 227

Miscellaneous Docket No. 69–35

August 15, 1969

*Bingham B. Leverich, Esquire,* counsel for Petitioner.

Memorandum Opinion of the Court

Petitioner predicates his prayer for relief upon the following facts.

On October 19, 1944, he was convicted by general court-martial of misbehavior before the enemy, in violation of Article of War 75, and sentenced to dismissal, total forfeitures, and confinement at hard labor for fifty years. The convening authority reduced the period of confinement to ten years, but otherwise approved the sentence. The board of review affirmed the sentence, and the Commanding General, Mediterranean Theater, confirmed it. Thereafter, the sentence was ordered executed. In compliance with this order, petitioner, then a Second Lieutenant, was dismissed. After serving fourteen months of the sentence to confinement, the unexecuted portion thereof was remitted in order to permit his reenlistment on January 7, 1946. This enlistment terminated on August 24, 1946, when he was honorably discharged.

He has since initiated several efforts to obtain a new trial or to have the Army Board for the Correction of Military Records substitute an honorable discharge for the dismissal imposed by the general court-martial. None of these efforts have succeeded. Most recently he instituted an action against the Secretary of the Army, in the United States District Court for the District of Columbia, seeking a declaratory judgment and mandatory injunction to correct his military records. By order dated July 24, 1969, Honorable John Lewis Smith, Jr., United States

District Judge, stayed those proceedings "pending [petitioner's] application for relief to the Court of Military Appeals and action by that Court upon such application." Thereupon, petitioner filed the petition now under consideration in this Court.

In the petition, he alleges that the general court-martial which convicted him in 1944 lacked jurisdiction because, contrary to the requirements of Article of War 8, there was no law member present during the proceedings; that the court members were subjected to severe command pressure by the convening authority; and that he was denied the effective assistance of counsel.

We need not further particularize petitioner's averments of error, nor comment upon the merits thereof. The fact that the court-martial proceedings were finalized by the action of the Commanding General, Mediterranean Theater, long before May 31, 1951, the effective date of the Uniform Code of Military Justice, presents a bar to consideration of the case by this Court upon direct review under Article 67(b), Uniform Code of Military Justice, 10 USC § 867. United States v Sonnenschein, 1 USCMA 64, 1 CMR 64; United States v Musick, 3 USCMA 440, 12 CMR 196. In both *Sonnenschein* and *Musick* we held that whenever court-martial proceedings are completed prior to the effective date of the Uniform Code, supra, this Court has no jurisdiction to review them.

Petitioner relies upon the provisions of the All Writs Act, 28 USC § 1651, as the source of this Court's authority to grant the relief he seeks, as announced in United States v Frischholz, 16 USCMA 150, 36 CMR 306, and as confirmed by the Supreme Court of the United States in Noyd v Bond, 395 US 683, 23 L Ed 2d 631, 89 S Ct — (1969). However, the powers granted by the All Writs Act, under the very terms of the statute, are to be used *"in aid* of the exercise of our jurisdiction over cases properly before us or which may come here eventually." United States v Snyder, 18 USCMA 480, 40 CMR 192.

It follows from this that since this Court would be powerless to act upon petitioner's case under the provisions of Article 67(b) of the Code, supra, it may not do so under the All Writs Act.

The petition is dismissed.