In re JAMES H. WATSON, Private First Class,
U. S. Army, Petitioner

19 USCMA 401, 42 CMR 3

Miscellaneous Docket

No. 70–37

April 28, 1970

*John L. Fashing, Esquire,* was on the pleading for petitioner.

## Memorandum Opinion of the Court

This is a Petition for Writ of Prohibition or Mandamus filed on behalf of Private First Class James H. Watson "and all other[s] similarly situated." The petition alleges that Private Watson is charged with wrongful possession of marihuana in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, which offense is said to have occurred within the civilian community, while he was on authorized leave from his military duties, and, thus, there is no such military connection as will permit the exercise of court-martial jurisdiction over such offense. O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). This charge, it is averred, has been referred to trial by special court-martial, without reporter, and a verbatim record will not be made. Thus,

the maximum penalty which may lawfully be adjudged for the pending charge, assuming a finding of guilty is reached, is confinement at hard labor for six months, and forfeiture of two-thirds pay per month for six months. See Article 19, Uniform Code, supra, 10 USC § 819.

In United States v Snyder, 18 USCMA 480, 40 CMR 192 (1969), we held that resort to the extraordinary remedies available under the All Writs Act, 28 USC § 1651, may be had only:

". . . *in aid* of the exercise of our jurisdiction over cases properly before us or which may come here eventually. Our jurisdiction to hear appeals, no matter how well-founded, is set out by Congress in Code, supra, Article 67. We cannot by judicial

**401**

fiat enlarge the scope of our appellate review to embrace those cases which Congress thought justified no remedy beyond the power it so recently confided to the Judge Advocate General under Code, supra, Article 69."

Since the type of sentence which may be adjudged in petitioner's case is not one which must be reviewed by the Court of Military Review (Article 66(b), Uniform Code, supra, 10 USC § 866(b)), no appeal to this Court is provided for. Article 67(b)(3), Uniform Code, supra, 10 USC § 867(b)(3).

Therefore, no resort to the remedies provided by the All Writs Act may be invoked.

The petition's description of this action as "a class action on behalf of the petitioner and all other United States military personnel similarly situated" does not alter the conclusion required by United States v Snyder, supra. Article 67, supra, defines the jurisdiction of this Court, and no provision of that Article, nor of any other enactment permits the institution of "class actions" in this Court.

The petition is dismissed.