January 28, 1972

No. 71–49 Allen Turner, SP–5; Cornelius Lott, PVT; Daniel Duenas, PFC; Leroy Jenkins, PFC; James E. Cannon, PVT; Raymond D. Brooks, PVT; Lee B. Howard, PFC; Timmie L. Rutledge, SP–4; Larry W. Smith, PFC; and Strafford M. Watkins, SP–4, U. S. Army v COL William A. McKean, Base Commander, Fort McClellan, Alabama; MAJ Cornelius Creeden, Stockade Commander, Fort Bragg, North Carolina; MAJ Benning, Stockade Commander, Fort Benning, Georgia; CPT Braymiller, Commanding Officer, Headquarters Company, Fort McClellan, Alabama; CPT Devaughn, Commanding Officer, 62nd Chemical Company, Fort McClellan, Alabama; CPT Mahalko, Commanding Officer, 342nd Transportation Company, Fort McClellan, Alabama; CPT Crawford, Commanding Officer, Company D, 46th Engineering Battalion, Fort McClellan, Alabama; LT Mitchell, Commanding Officer, Medical Company, Fort McClellan, Alabama; and CPT Williams, Commanding Officer, 613th Field Service Company, Fort McClellan, Alabama.

On consideration of the "Petition for a Writ of Habeas Corpus and Other Extraordinary Relief" filed in the above-entitled action, and of the other pleadings filed by the parties,[1] it appears that subsequent to the filing of said Petition, the following petitioners have been discharged "for the good of the service", pursuant to their granted requests submitted in accordance with Paragraph 10–1, Army Regulation 635–200:[2]

Specialist Four Timmie L. Rutledge

Private First Class Daniel Duenas

Private James E. Cannon

Private Cornelius Lott

In the circumstances of this case, their discharges terminate their amenability to trial by court-martial. United States v Gwaltney, 20 USCMA 488, 43 CMR 328 (1971).

It further appears that the charges against the following petitioners have been referred to a special court-martial authorized to impose a sentence no more severe than confinement at hard labor for six months and forfeiture of two-thirds pay per month for a like period:

Private First Class Lee B. Howard

Private First Class Leroy Jenkins

Private First Class Larry W. Smith

Private Raymond D. Brooks

Inasmuch as the maximum sentence

---

[1] (a) Respondents' "Reply to Order to Show Cause."

(b) "Memorandum in Response to Government's Reply", and the "Supplement to Petition for Habeas Corpus and Other Extraordinary Relief" filed by special leave of this Court.

[2] "An individual whose conduct has rendered him triable by court-martial under circumstances which could lead to a bad conduct or dishonorable discharge may submit a request for discharge for the good of the service. The request for discharge may be submitted at any time after court-martial charges are preferred against him . . ."

imposable in each case is less than the jurisdictional limits of review by this Court, relief under the provisions of Title 28 USC § 1651(a) is unavailable. United States v Snyder, 18 USCMA 480, 40 CMR 192 (1969); In re Watson, 19 USCMA 401, 42 CMR 3 (1970); Barrera v Laird, 19 USCMA 636 (1970).

Accordingly, it is, by the Court, this 28th day of January 1972,

ORDERED:

That, as to the said Specialist Four Rutledge, Private First Class Duenas, and Privates Cannon and Lott, the said Petition be, and the same hereby is, dismissed as moot.

And it is further

ORDERED:

That, as to the said Privates First Class Howard, Jenkins and Smith, and Private Brooks, the said Petition, be, and the same hereby is, dismissed for lack of jurisdiction.

---

[1] By a separate action of the Court, the Petition was dismissed as to eight of the original ten petitioners.

[2] (a) Respondents' "Reply to Order to Show Cause."

(b) "Memorandum in Response to Government's Reply," and the "Supplement to Petition for Habeas Corpus and Other Extraordinary Relief" filed by special leave of this Court.