SAMUEL J. WILLIAMS, Private, United States Marine Corps,

Petitioner

v

UNITED STATES, Respondent

Miscellaneous Docket No. 74-82

September 30, 1974

*Lieutenant Commander Jeffrey H. Bogart,* JAGC, USN, counsel for Petitioner.

*Lieutenant Colonel P. N. Kress,* USMC, and *Lieutenant Commander Harvey E. Little,* USN, counsel for Respondent.

## MEMORANDUM OPINION OF THE COURT

On April 12, 1974, a general court-martial convened by order of the Commanding General, 1st Marine Division (Rein), Fleet Marine Force, Camp Pendleton, California, convicted the petitioner herein of participating in a riot.[1] A sentence of bad-conduct discharge, confinement at hard labor for 11 months, and forfeiture of $250.00 per month for a like period was adjudged. Thereafter, and prior to the action of the convening authority required by Article 60, Uniform Code of Military Justice, 10 USC § 860, petitioner was transferred to the United States Disciplinary Barracks, Fort Leavenworth, Kansas, there to serve the period of confinement adjudged.

About 4 months after trial, petitioner filed a petition for extraordinary relief[2] in this Court. He averred therein that no action pursuant to Article 60, UCMJ, had been taken by the convening authority despite petitioner's efforts to call his attention to its requirements. A prima facie case of unreasonable delay in the appellate process in a case over which this Court could eventually obtain jurisdiction having been set out in said petition,[3] an order to show cause issued.

Respondent has replied to that order, and by subsequent additional response has filed appropriate documentary evidence. The latter items establish that the convening authority acted upon the record of petitioner's trial pursuant to Article 60, UCMJ, prior to the filing of the petition for extraordinary relief.

---

[1] Article 116, Uniform Code of Military Justice, 10 USC § 916.

[2] 28 USC § 1651(a).

[3] *Rhoades v Haynes,* 22 USCMA 189, 46 CMR 189 (1973).

By his action, the convening authority reduced the offense charged and found by the court-martial to the offense of breach of the peace, and approved a sentence of confinement at hard labor for 6 months and a forfeiture of $217.00 per month for a like period. Since that reduced sentence does not include a punitive discharge or confinement for 1 year or more, the convening authority ordered its execution,[4] and forwarded the record of trial to the Judge Advocate General pursuant to Article 65(a), UCMJ, 10 USC § 865. In view of the sentence approved by the convening authority no further review by the Court of Military Review was required,[5] and no petition for review could be entertained by this Court.[6]

Inasmuch as the record now before us establishes compliance with the provisions of Article 60, UCMJ, and since the approved sentence is not reviewable by this Court under Article 67(b)(3), the prima facie case of prospective jurisdiction shown by the petition has been overcome.

Accordingly, it is ordered that said petition be dismissed for lack of jurisdiction.[7]

---

[4] See Article 71(c), UCMJ, 10 USC § 871(c).

[5] Article 65(b), UCMJ, 10 USC § 865(b).

[6] Article 67(b)(3), UCMJ, 10 USC § 867(b)(3).

[7] *United States v Snyder,* 18 USCMA 480, 40 CMR 192 (1969).