GARY A. HENDRIX, Formerly Lance Corporal, USMC

v

WARDEN, Federal Reformatory, Petersburg, Virginia

Miscellaneous Docket No. 74-86

October 7, 1974

*Luther C. West, Esquire,* counsel for Petitioner.

## MEMORANDUM OPINION OF THE COURT

After a lengthy trial by general court-martial conducted in Viet Nam, petitioner, then a Marine Corps lance corporal, was convicted of the premeditated murder of Sergeant Richard L. Tate, the attempted murder of Sergeant Robert E. Smith, and assault with a dangerous weapon upon Sergeant Walter C. Vaughn, Jr. On May 19, 1971, the court-martial imposed a sentence of dishonorable discharge, total forfeitures, confinement at hard labor for life, and reduction in grade. On July 26, 1971 the convening authority approved the sentence, and thereafter the Court of Military Review affirmed both the findings and sentence. Within the statutory period established by the Uniform Code, petitioner sought further review by this Court pursuant to Article 67(b)(3), Uniform Code of Military Justice, 10 USC § 867(b)(3). After full review of the record of his trial and of his assignments of error,[1] we found no error prejudicial to

---

[1] *See* United States v Gallagher, 15 USCMA 391, 395, 35 CMR 363, 367 (1965).

substantial rights and denied his petition on June 14, 1972.[2] Upon the publication of the latter order, the conviction became final,[3] and the sentence was ordered executed. Finalization of proceedings under Article 76, UCMJ, not only terminates the appellate processes of courts-martial, it also terminates this Court's jurisdiction of the case,[4] except in circumstances contemplated by 28 U.S.C. § 1651(a).[5]

Petitioner now files a "Petition for a Writ of Habeas Corpus" averring that he is being held in custody unlawfully, and consequently his conviction should be reversed and a new trial should be ordered. These contentions are based on his allegations that the conduct of counsel and of the military judge, and the procedures followed by military psychiatrists and psychologists in examining him prior to his trial, deprived him of the effective assistance of counsel and of due process of law, and this combination of egregious denials of constitutional safeguards terminated the power of the court-martial to proceed with the trial. Petitioner very candidly—and accurately—recognizes that the "errors raised (in his petition) have not been substantively raised in either Petitioner's trial or his formal appellate hearings." Moreover, he concedes that all appellate rights provided for by the Uniform Code have terminated. However, he predicates the relief sought solely on the basis that "[s]uch relief would be in the interest of this Court's jurisdiction insofar as one of the overriding purposes of this Court is to assure every accused serviceman convicted by general court-martial a fair trial."

This Court is a tribunal of limited jurisdiction, the primary source of which is found in Articles 67(b)(1) through (3), UCMJ, the provisions of which need not now be set out. A secondary and final source of our jurisdiction is set out in the All Writs Act, 28 USC § 1651(a), which provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

■ Applicability of the foregoing provision to this Court is well established. See *Noyd v Bond*, 395 US 683 (1969); *United States v Frischholtz*, 16 USCMA 150, 36 CMR 306 (1966). By its terms, however, that Act does not increase the areas of this Court's jurisdiction beyond the limitations set out in Articles 67(b)(1) through (3), UCMJ. Thus, we have held that resort to the extraordinary remedies therein provided for may be had only "in aid of the exercise of our jurisdiction over cases properly before us or which may come here eventually." *United States v Snyder*, 18 USCMA 480, 483, 40 CMR 192, 195 (1969).

■ As applied to the present petitioner, our jurisdiction under Article 67(b)(3), UCMJ, ended upon publication of the order of June 14, 1972, denying the petition for grant of review. The matters now brought forward by petitioner in this action cannot serve to revive that jurisdiction, and, necessarily, the relief sought is not, as 28 USC § 1651(a) requires, "in aid of the exercise of our jurisdiction." *United States v Snyder, supra* at 483, 40 CMR at 192.[6] See also *Allen v United States, supra* note 4.

Accordingly, it is ordered that said petition be dismissed.

---

[2] United States v Hendrix, 21 USCMA 639 (1972).

[3] Article 76, UCMJ, 10 USC § 867.

[4] *See* Allen v United States, 21 USCMA 288, 45 CMR 62 (1972).

[5] For circumstances in which this exception was applied, *see* Del Prado v United States, 23 USCMA 132, 48 CMR 748 (1974), and cases therein cited.

[6] Whether, in the light of petitioner's allegations, the petition may be construed as a petition for new trial is not, and need not be, decided. The provisions of Article 73, UCMJ, 10 USC § 873, limit the filing of such petitions with the Judge Advocate General to a period of 2 years commencing upon the date of the convening authority's action. That period ended on July 26, 1973, in this case, 2 years after the convening authority approved the sentence imposed by the court-martial.