ODIE ROSS OLSSON, Seaman Recruit, United States Navy,
Petitioner

v

J. J. FLYNN, Commander, U. S. Navy, Commanding Officer, USS
MOBILE (LKA-115)

and

R. T. Seek, Chief Warrant Officer, Acting Officer-in-Charge, U. S.
Naval Station Corrections Facility, San Diego, California,
Respondents

Miscellaneous Docket No. 74-93

October 25, 1974

*Lieutenant Jeffry A. Williams,* JAGC, USNR, counsel for Petitioner.

## MEMORANDUM OPINION OF THE COURT

Petitioner has submitted a petition for extraordinary relief in the form of a writ of habeas corpus. He declares that on the basis of his pleas of guilty, a military judge, sitting as a special court-martial upon the written request of petitioner, convicted him of two offenses alleging violations of Articles 86 and 90, Uniform Code of Military Justice, 10 USC §§ 886 and 890. A sentence of confinement at hard labor for 6 months and partial forfeitures for a like period was imposed on June 21, 1974, with an accompanying recommendation by the trial judge that all confinement and forfeitures in excess of 3 months be suspended for an appropriate period.

Subsequent to the trial, petitioner's defense counsel submitted a brief to the convening authority, arguing therein that the military judge had failed to conduct a proper inquiry into the voluntariness of the pleas and the petitioner's understanding of the offenses charged.[1] Petitioner has been confined since trial, and despite the length of time interven-

[1] *See* United States v Care, 18 USCMA 535, 40 CMR 247 (1969).

ing between trial and the present time, the convening authority has not acted upon the record of trial as required by Article 60, UCMJ, 10 USC § 860. Because of this inordinate delay, petitioner seeks release from confinement or other appropriate relief. He relies upon 28 USC §§ 1651(a) and 2241(a), as authority for filing his petition in this Court.

This Court is not included within the provisions of 28 USC § 2241, relied upon, in part, by petitioner. *Robison v Abbott,* 23 USCMA 219, 49 CMR 8 (1974). Nor is relief affordable under the provisions of 28 USC § 1651(a). In this particular we have held that resort to the provisions of the latter statute may be had

> *in aid* of the exercise of our jurisdiction over cases properly before us or which may come here eventually. Our jurisdiction to hear appeals, no matter how well-founded, is set out by Congress in . . . Article 67.

*United States v Snyder,* 18 USCMA 480, 483, 40 CMR 192, 195 (1969).

■ Since the sentence adjudged in petitioner's case does not require review by a Court of Military Review,[2] petitioner may not seek further review by this Court under Article 67(b)(3), UCMJ, 10 USC § 867(b)(3). *United States v Snyder,* supra. Thus, the present petition must be dismissed.

■ This does not mean that petitioner is without a means of remedying any prejudice which may have resulted from the lengthy delay in the review of his case. The officer exercising general court-martial jurisdiction over the convening authority's command has the responsibility for assuring that all matters relating to military justice in that command be conducted in strict compliance with the Uniform Code and the decisions of this Court. That responsibility is not to be considered lightly and we are sure that it is not, and will not be so regarded in this instance. The present complaint, therefore, should be addressed to the officer exercising general court-martial jurisdiction.[3]

In view of the foregoing, it is ordered that said petition be dismissed for lack of jurisdiction.

---

[2] Article 66(b), UCMJ, 10 USC § 866(b).

[3] *See also* Article 65(c), UCMJ, 10 USC § 865(c).