*Captain Brett L. Grayson*, counsel for Petitioners.

In re John F. TOMMINS, Private, Lawrence J. Castro, Specialist Five, William T. Below, Specialist Four, Lee D. Seymour, Specialist Four, Joseph P. Smith, Specialist Five, John P. McConnon, Specialist Four, Robert A. Coleman, Private, Richard L. Compton, Private, James A. Mack, Specialist Four, McKendrick L. Mapp, Private, Cecil Baldwin, Private First Class, Michael D. Ohler, Private First Class, and Randy S. Peterson, Private, U. S. Army, Petitioners.

Miscellaneous Docket No. 75–17.

U. S. Court of Military Appeals.

May 19, 1975.

## MEMORANDUM OPINION OF THE COURT

The above-named individuals have submitted for this Court's consideration, a document entitled "Petition of Intervention." By this means each seeks to intervene in the case of *Bouler v. Wood*, 1 M.J. 191 (C.M.A., 1975), evidently as parties petitioner.

The petitioners represent that they are held in pretrial confinement, and they request the issuance of a writ of mandamus directing the military judge named as respondent in *Bouler v. Wood, supra,* to rule on motions for pretrial release "of all accused placed in pretrial confinement who appear before him with said motions," or, in the alternative, to issue a writ of habeas corpus directing the release of said petitioners.

■ Prescinding from the fact that class actions are not encompassed within the scope of 28 U.S.C. § 1651(a), nor otherwise authorized within the scope of this Court's jurisdiction,[1] to the extent that these petitioners assert individual claims for relief, their petition is ineffective for more fundamental reasons:

■ 1. The charges under which each petitioner is confined pending trial are not set out. We cannot determine, therefore, whether or not their individual cases may eventually be the subject of a petition to this Court pursuant to Article 67(b)(3), Uniform Code of Military Justice, 10 U.S.C. § 867(b)(3).[2]

2. There is no indication whether any of the charges have been referred to a court-martial authorized to impose a sentence within this Court's jurisdictional limits.[3]

3. There is no indication that the charges against petitioners have been referred to a court-martial to which the military judge named as respondent in *Bouler v. Wood, supra,* has been detailed.

Accordingly, the petition is dismissed.

---

1. *In re Watson,* 19 U.S.C.M.A. 401, 42 C.M.R. 3 (1970).

2. *United States v. Snyder,* 18 U.S.C.M.A. 480, 40 C.M.R. 192 (1969).

3. *United States v. Snyder, supra.*