Thaddeus Henry THOMAS, Private, U.S. Army, Petitioner,

v.

UNITED STATES and Commanding Officer, United States Disciplinary Barracks, Respondents.

Miscellaneous Docket No. 75–43.

U. S. Court of Military Appeals.

Sept. 30, 1975.

**6.** *See United States v. Dean*, 20 U.S.C.M.A. 212, 43 C.M.R. 52 (1970).

*Captain Robert D. Jones* argued the cause, and *Colonel Alton H. Harvey* and *Captain Paul C. Hemmer* entered appearances, for Petitioner.

*Lieutenant Colonel Donald W. Hansen* argued the cause for Respondents.

## MEMORANDUM OPINION

Petitioner in this Petition for Extraordinary Relief, like the petitioner in *Kelly v. United States*, 23 U.S.C.M.A. 567, 50 C.M.R. 786, 1 M.J. 172, asks that we order his immediate release from the United States Disciplinary Barracks pending the convening authority's decision whether to refer this case to trial or to dismiss the charges and that we grant such other relief that the Court deems just and equitable.

Petitioner avers that he was tried by general court-martial on October 15, 1974, and that his sentence, as approved, included a dishonorable discharge and confinement at hard labor for 24 months. On July 28, 1975, this Court set aside the findings and the sentence and authorized a rehearing. In his petition, dated August 29, 1975, petitioner states that no charges have been preferred against him and that he has not been advised of his status although he has remained in confinement at the Disciplinary Barracks. Petitioner challenges the failure to refer charges to trial and his being kept in the Disciplinary Barracks contrary to Army Regulation 190–4.

During oral argument on the petition, counsel for respondents informed us that the convening authority had referred petitioner's case to a court-martial on September 11, 1975. Moreover, counsel for respondents also informed us that the convening authority had approved continued confinement for petitioner on September 18, 1975.

Based on these factors, counsel for respondents argue that the petition is moot since petitioner has received that relief which he seeks—that his case be referred to trial. They also urge that we ignore the petition because it does not, on its face, show proof of service on respondents. For the reasons stated in *Kelly v. United States, supra*, we decline to accept respondents' positions.

Because of respondents' apparent disregard for petitioner's continued confinement in contravention of both Article 13, Uniform Code of Military Justice, 10 U.S.C. § 813, and Army regulations, we are compelled to exercise our extraordinary writ authority to issue writs of mandamus.[1] The convening authority is ordered to release petitioner from the Disciplinary Barracks and to proceed forthwith with any further action in this case as provided by the Uniform Code of Military Justice and the Manual for Courts-Martial, United States, 1969 (Rev.).

COOK, Judge (dissenting):

I dissent for the reasons set forth in my separate opinion in *Kelly v. United States*, 23 U.S.C.M.A. 567, 50 C.M.R. 786, 1 M.J. 172 (1975).

---

1. *Noyd v. Bond*, 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969); *Newsome v. McKenzie*, 22 U.S.C.M.A. 92, 46 C.M.R. 92 (1973) (Duncan, Judge, dissenting); *United States v. Snyder*, 18 U.S.C.M.A. 480, 40 C.M.R. 192 (1969); *United States v. Bevilacqua*, 18 U.S.C.M.A. 10, 39 C.M.R. 10 (1968); *Gale v. United States*, 17 U.S.C.M.A. 40, 37 C.M.R. 304 (1967); *United States v. Frischholz*, 16 U.S.C.M.A. 150, 36 C.M.R. 306 (1966).