UNITED STATES, Appellee,

v.

**Private (E–2) David RIVERA–RIVERA, 582–15–1961, United States Army, Appellant.**

**CM 441752.**

U.S. Army Court of Military Review.

28 Feb. 1985.

⟜1330

Lieutenant Colonel Arthur L. Hunt, JAGC, Major Stephen R. Dooley, JAGC, Captain William T. Wilson, JAGC, and Captain Karen S. Davis, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Captain David A. Brown, JAGC, and Lieutenant Colonel Thomas M. Curtis, JAGC, were on the pleadings for appellee.

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

NAUGHTON, Judge:

This case is before the Court for further review following the completion of a re-

hearing which was earlier ordered by the Court.

Appellant contends that the convening authority's action on the rehearing in appellant's case deprived appellant of administrative good time credit earned for time served on his original adjudged sentence at the United States Disciplinary Barracks (USDB).

Appellant's original conviction and his sentence, which included confinement at hard labor for five years, were set aside by this Court on 17 March 1983. Appellant subsequently served 126 days in pretrial confinement until his 22 July 1983 rehearing. His sentence at the rehearing included confinement at hard labor for 890 days. After announcing sentence, the military judge stated, "your pretrial confinement of 205 days has been fully credited by the court in adjudging sentence." (This included 79 days of pretrial confinement served by appellant prior to his original trial plus the 126 days he served after his original sentence was set aside). Prior to the service of the post-trial review, the trial defense counsel submitted a request to the convening authority to process the post-trial review within three days and to immediately release appellant from confinement because, allowing for administrative credit (good conduct time) for time served, appellant had allegedly completed his sentence.

Three days later the staff judge advocate submitted a memorandum to the convening authority in which he recommended denial of the defense request for immediate post-trial action and release from confinement. The convening authority denied the defense request the next day. The post-trial review recommended appellant only be given credit for time served in execution of the former sentence and for pretrial confinement served from the time his sentence was set aside until his rehearing. The defense counsel did not offer a rebuttal. The convening authority took the action recommended by his staff judge advocate.

The net result of the sentence credit afforded by the convening authority's action was that appellant received day for day credit for 555 days served in execution of the prior sentence, plus the 126 days of pretrial confinement served from the time his sentence was set aside until his rehearing. This left appellant with 209 days of his new sentence remaining to be served as of time the new sentence was announced at his rehearing.

▮▮▮▮ Appellant's contention focuses upon the automatic reduction in sentences to confinement which is earned by inmates at the USDB for good conduct. He argues that such time should not be subject to forfeit due to the setting aside of his sentence by this Court, and points to *United States v. Larner*, 1 M.J. 371 (C.M.A.1976) for authority that this Court may consider "administrative credit" in reviewing a sentence.

Appellant's reliance upon *Larner* is misplaced. *Larner* concerned a sentence reassessment by the Navy Court of Military Review which served to increase the potential impact of a sentence while purportedly reducing that sentence. In the case before this Court, the issue is not relief granted by this Court which served to potentially increase appellant's sentence, but good conduct time granted by operation of regulation. Therein lies the critical difference.

Appellant's approach to this issue is to characterize good conduct time granted at the USDB as a vested right. We disagree. Good time credit for satisfactory behavior while in prison is not a constitutional, statutory, or inherent right. *Hewitt et al. v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). In the military, good conduct time is authorized by regulation and is administered at the USDB. The regulation provides that all good conduct time which a prisoner can earn during the entire period of his sentence is credited at the beginning of his sentence. Army Regulation 633–30, *Military Sentences to Confinement*, [hereinafter cited as AR 633–30] para. 6a(3) (1964). Good conduct time is contingent on a prisoner's behavior, and may be forfeited if the prisoner violates any rule of the USDB or commits any

offense. AR 633–30, para. 7*a*(2) (1964). When forfeiture of good conduct time occurs, the minimum release date of the sentence is extended by the actual number of days forfeited. Therefore, as illustrated by the terms of the regulation, a prisoner's right to good conduct time does not vest until he reaches his minimum release date without violating the rules of the institution or committing any offense.

Our reading of AR 633–30 convinces us that good conduct time calculated for the original sentence is not to be carried over and applied to the new sentence adjudged at the rehearing. Rather, good conduct time must be redetermined based upon the new sentence, in accordance with the governing regulation. In this case, the convening authority properly credited appellant for confinement previously served. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), Change 1, para. 89*c*(8), 1975. Appellant also received judicial "credit" when the military judge granted him credit for 205 days of pretrial confinement in arriving at his sentence. *Cf. United States v. Larner,* 1 M.J. 373. As a result, appellant received full credit for pretrial confinement and for the portion of the former sentence which he had served as well as additional credit (to which he was not entitled) during sentencing by the military judge.

As there is no allegation that officials at the USDB have not complied with requirements imposed by regulation in computing appellant's good conduct time and minimum release date, our inquiry must stop here. *Cf. Kelly v. United States,* 1 M.J. 172, 174 (C.M.A.1975); *Thomas v. United States,* 1 M.J. 175 (C.M.A.1975) (A writ of mandamus is a proper judicial remedy to compel prison officials to comply with regulatory requirements).

The findings and the sentence are affirmed.

Senior Judge WOLD and Judge FELDER concur.