UNITED STATES

v.

**Luis E. TORRES–RODRIGUEZ,**
**583 27 8221 Private (E–1),**
**U.S. Marine Corps.**

**NMCM 91 01124.**

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 12 July 1993.

Decided 20 April 1994.

LT Gerard Wm. Wittstadt, Jr., JAGC,
USNR, Appellate Defense Counsel.

LT Steven J. Coaty, JAGC, USNR, Appellate Government Counsel.

Before LARSON, Chief Judge, and
WELCH and ORR, Senior Judges.

LARSON, Chief Judge:

This case has been returned to the Court following a rehearing for sentencing proceedings. The rehearing was authorized in the Court's opinion of 7 May 1993 in which we set aside the original finding of guilty to unpremeditated murder and, in lieu thereof, affirmed a finding of guilty to the lesser-included-offense of involuntary manslaughter under Article 119(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 919(b). The other remaining findings of guilty to various orders violations and false swearing, under Articles 92 and 134, UCMJ, 10 U.S.C. §§ 892 and 934, respectively, were affirmed.

*United States v. Torres–Rodriguez*, 37 M.J. 809 (N.M.C.M.R.1993).

■ On return, we have reviewed the record of trial, the assignments of error[1], and the Government's response thereto, and we conclude that the sentence is correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. We specifically find a dishonorable discharge and total forfeitures to be appropriate components of the sentence. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

■ In this appeal, we address an error in the convening authority's action which must be corrected and which also merits further discussion. It concerns his action with respect to the confinement portion of the sentence. The convening authority was bound by the terms of a pretrial agreement which was negotiated after the remand was ordered. By the terms of the agreement, the appellant requested sentencing by military judge alone in exchange for an obligation by the convening authority to suspend confinement in excess of 3 years and 25 days. This limitation was what the parties had determined was "time served" as of the rehearing date. After he sentenced the appellant to 45 months confinement, the military judge reviewed the sentencing limitation portion of the agreement in accordance with Rule for Courts–Martial 910(h)(3) and modified it to *add* 259 days to the period of confinement the appellant would have to serve before the

suspension would take effect. Rehearing Record at 36–37. It is clear that he took this unusual step in order to ensure that the appellant received full credit for the administrative good conduct time he had, presumably, earned from the service of his first sentence.[2]

In keeping with the military judge's modification of the pretrial agreement, the convening authority approved the sentence but attempted to suspend all confinement in excess of 3 years plus a total of 284 days for 12 months. The problem is that 3 years plus 284 days is *more*—by about 17 days—than the 45 months the military judge awarded as part of the sentence on rehearing. Therefore, what the convening authority did, inadvertently no doubt, is to require the appellant to serve (at least on paper) more time than he was awarded!

We have heard no complaint from the appellant on this matter and are, therefore, confident that he was released from confinement on the day he was sentenced, which was the ultimate objective of all parties. Consequently, he has suffered no prejudice as a result of the error. In addition, the suspension portion of the action is a nullity, in effect, because there was no confinement remaining to suspend. We will correct this error by approving only that portion of the sentence the appellant actually served.

1. I. A SENTENCE WHICH INCLUDES A DISHONORABLE DISCHARGE AND TOTAL FORFEITURES IS INAPPROPRIATELY SEVERE.
II. THE COURT–MARTIAL DID NOT HAVE JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)
III. THIS COURT HAS NO JURISDICTION BECAUSE ITS JUDGES ARE NOT APPOINTED TO FIXED TERMS OF OFFICE. (CITATION OMITTED.)
IV. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE UNITED STATES CONSTITUTION. (CITATION OMITTED.)
V. BECAUSE THIS COURT'S JUDGES WERE APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE, THIS COURT HAS NO POWER TO REVIEW APPELLANT'S CASE. (CITATION OMITTED.)

VI. THE INVOLVEMENT OF THE ASSISTANT JUDGE ADVOCATE GENERAL FOR MILITARY JUSTICE AND THE JUDGE ADVOCATE GENERAL OF THE NAVY IN THE PREPARATION OF THIS COURT'S JUDGES' FITNESS REPORTS DEPRIVES THIS COURT OF ITS INDEPENDENCE AND THE APPEARANCE OF INDEPENDENCE. (CITATION OMITTED.)

2. The word "presumably" is inserted above for a purpose. There is nothing in the record to assure the military judge or us on appeal that the appellant had not forfeited any of that good conduct time. The evidence of his good performance as an inmate (Def. Exs. E–I) certainly suggests that he had not. Yet, the fact that the precise status of his entitlement to good conduct time was not known at trial is another reason to refrain from considering that factor when determining confinement at a rehearing.

874

As noted above, this error is the direct result of the military judge's attempt to "fix" the confinement provision in the pretrial agreement by incorporating earned administrative good time into the confinement calculations. Although his objective was laudatory—to ensure that the agreement reflected the intent of all parties, i.e., that the appellant serve no further confinement, the steps he took to achieve that objective only complicated the situation.[3]

As the military judge correctly observed, the confinement suspension provision in the pretrial agreement as drafted and the length of confinement he awarded may have had, in combination, the effect of causing the appellant to lose some of the administrative credit for good conduct he had earned from his first sentence. Rehearing Record at 36. Although the 259 day addition was designed to ensure that the appellant received full credit for that time, it did not accomplish that objective and only served to create the perception that the pretrial agreement was modified to the appellant's detriment. In the end, there was nothing the military judge could or should have done to prevent the loss of this administrative entitlement.

 The effect on the second sentence of good time earned during the first sentence is a matter of administrative determination, *see United States v. Rivera–Rivera*, 19 M.J. 971 (A.C.M.R.1985), which is subject to review for abuse by the appellate courts through a petition for extraordinary relief. Good conduct time is not automatically carried over and applied as a vested right to the new sentence. It is subject to a new calculation based on the new sentence after appropriate credit is given for the earlier confinement. *Id.* at 972. If, as it turns out, the confinement awarded at the second court-martial, as reduced by credit for all pretrial confinement and confinement served after the first court-martial, is too short to accommodate administrative good conduct time, so be it. The important point is that the pre-

trial agreement achieved for the appellant his primary negotiated objective—immediate release. The "lost" good time is no more than an administrative consequence that should be of no concern to any one in the courtroom, least of all the appellant who gains nothing by the 259 day addition except the appearance that he must serve more time before the suspension goes into effect.

Finally, we note that the promulgating order is in error in that the date of the offense listed under Specification 3 of Charge I is listed as 21 May 1993 vice the correct date of 21 May 1990. A new promulgating order is ordered.

Accordingly, only so much of the sentence as provides for confinement for 3 years and 25 days, forfeiture of all pay and allowances, reduction to E–1, and a dishonorable discharge is affirmed.

Senior Judges WELCH and ORR concur.

---

**3.** We do not mean to be too critical of the military judge. He was concerned that the intended purpose of the confinement suspension provision, i.e., immediate release of the appellant from confinement, would be thwarted by the wording of the provision. To his credit, he jumped into the thorny briar patch of "good time" calculation to ensure the appellant's rights would be protected. We commend his good intentions and only address the error in this opinion so that others will not be led down the same path.