*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

**UNITED STATES**
Appellee

**v.**

**Thomas M. ADAMS, Sergeant**
United States Army, Appellant

**No. 25-0217**
Crim. App. No. 20250308

Decided November 12, 2025

Military Judges: Jeffery R. Nance (trial), J. Harper Cook
(rehearing), and Steven C. Henricks (sentence rehearing)

For Appellant: *Major Bryan A. Osterhage* and
*Jonathan F. Potter*, Esq. (on brief).

For Appellee: *Colonel Richard E. Gorini*, *Major Vy
T. Nguyen*, and *Captain Teri'el M. Dixon* (on brief).

————————

PER CURIAM.

Appellant filed a petition for a writ of habeas corpus in the United States Army Court of Criminal Appeals (ACCA). The ACCA dismissed the petition for lack of jurisdiction in an unpublished order. Appellant then filed the present writ-appeal petition in this Court. In his petition, he asserts that he has complied with the requirement in C.A.A.F. R. 27(b) for filing a writ-appeal petition and that this Court has jurisdiction under Article 67(a)(3), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867(a)(3) (2012). Appellant seeks an order from this Court remanding the case to the ACCA for review of the underlying merits of his habeas petition. For reasons that we explain below, we dismiss the writ-appeal petition for lack of jurisdiction.

## I. Background

Although charges against Appellant were first referred to a general court-martial in 2012, his case did not come before this Court on direct review until 2020. *United States v. Adams*, 81 M.J. 475, 477-78 (C.A.A.F. 2021) (describing the extensive mesne proceedings). In its decision on direct review, this Court affirmed some findings, set aside other findings, and set aside the sentence. *Id.* at 481. At a rehearing on the sentence in 2022, a military judge sentenced Appellant to a reduction to the grade of E-1, confinement for 260 months, and a dishonorable discharge. The ACCA summarily affirmed the sentence in an unpublished per curiam decision.

Appellant then petitioned this Court for a second review. This Court denied the petition for review on October 17, 2024, *United States v. Adams*, 85 M.J. 197 (C.A.A.F. 2024), and denied reconsideration on November 22, 2024, *United States v. Adams*, 85 M.J. 251 (C.A.A.F. 2024). On December 17, 2024, the convening authority in the case issued an order stating in relevant part that "Article 71(c), UCMJ, having been complied with, the

dishonorable discharge will be executed."[1] On December 18, 2024, an order was issued purporting to discharge Appellant as of December 20, 2024.

Despite these actions, the litigation in this case was not yet entirely finished. Appellant timely petitioned the Supreme Court for a writ of certiorari on April 21, 2025.[2] The Supreme Court denied the petition for certiorari on June 2, 2025. *Adams v. United States*, 145 S. Ct. 2766 (2025).

On June 13, 2025, Appellant filed a petition for a writ of habeas corpus in the ACCA. In the petition, he argued the military judge had violated his rights to a speedy trial under Rule for Courts-Martial (R.C.M.) 707. He asserted that the ACCA had "jurisdiction to entertain this writ under the All Writs Act," 28 U.S.C. § 1651 (2018). The

---

[1] As discussed at length below, Article 71(c)(1), UCMJ, 10 U.S.C. § 871(c)(1) (2012), provides that a "discharge may not be executed until there is a final judgment as to the legality of the proceedings." The National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 5302(b)(2), 130 Stat. 2000, 2923 (2016) [hereinafter NDAA 2017], amended the UCMJ by striking Article 71, UCMJ, and moving most of its content to Article 57, UCMJ. These amendments do not apply to this case because the charges were referred to a general court-martial before January 1, 2019. NDAA 2017 § 5542(a) & (c)(2), 130 Stat. at 2967 (providing that the amendments shall take effect on the date designated by the President and that the amendments shall not apply to cases in which charges are referred before the effective date); 2018 Amendments to the Manual for Courts-Martial, United States, Exec. Order No. 13,825, § 3(d), 83 Fed. Reg. 9889, 9889 (Mar. 1, 2018) (designating Jan. 1, 2019, as the effective date).

[2] The Supreme Court granted an application by Appellant for an extension of time to file the petition for writ of certiorari, moving the date from February 20, 2025 (i.e., ninety days after this Court denied rehearing) until April 21, 2025. Docket Entry for *Adams v. United States*, No. 24-7069 (Feb. 14, 2025), https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/24-7069.html [https://perma.cc/KP7P-RWQV] (last visited Nov. 10, 2025).

ACCA summarily dismissed this petition for lack of jurisdiction on June 26, 2025.

Appellant then filed a writ-appeal petition in this Court, presenting the question "whether the Army Court lacked jurisdiction to entertain Appellant's writ of habeas corpus." Appellant asked this Court to answer the question in the negative and remand "the case to the ACCA for review of the underlying merits of his habeas petition."

The Court ordered the Government to file an answer brief, and authorized Appellant to reply, with each party addressing two questions:

> I. Whether the Army Court lacked jurisdiction to entertain [Appellant's petition for a] writ of habeas corpus.

> II. Whether the United States Court of Appeals for the Armed Forces possesses habeas corpus jurisdiction after a court-martial is final under Article 76, Uniform Code of Military Justice, 10 U.S.C. 876 (2018), in noncapital cases when a punitive discharge or dismissal has been executed.

*United States v. Adams*, No. 25-0217, 2025 CAAF LEXIS 679, 2025 WL 2618082 (C.A.A.F. Aug. 14, 2025).

## II. Standard of Review

This Court reviews questions of its jurisdiction and the jurisdiction of a Court of Criminal Appeals (CCA) de novo. *United States v. Williams*, 85 M.J. 121, 124 (C.A.A.F. 2024).

## III. Discussion

In their briefs, the parties have clearly stated their respective positions on the issue of jurisdiction. Appellant argues that a CCA *has jurisdiction* to entertain a petition for a writ of habeas corpus in a noncapital case *until* appellate review of the case is complete and a punitive discharge has been properly executed. In this case, Appellant asserts that he was not properly discharged in December 2024 because appellate review of his case was

not complete at that time. Appellant therefore contends that the ACCA had jurisdiction to entertain his habeas petition. Appellant further asserts this Court has jurisdiction for the same reasons.

The Government argues that the CCAs *lack jurisdiction* to entertain a writ of habeas corpus in a noncapital case *after* appellate review is final and a discharge has been executed. The Government then asserts that Appellant was properly discharged, if not in December 2024, then certainly by June 2025 when the Supreme Court denied his petition for certiorari. The Government therefore contends that the ACCA lacked jurisdiction to entertain Appellant's habeas corpus petition. The Government further contends this Court now lacks jurisdiction for the same reason.

## A. Habeas Corpus Jurisdiction

We agree with the Government that neither this Court nor a CCA has jurisdiction to entertain a petition for a writ of habeas corpus in a noncapital case after a court-martial is final and a punitive discharge or a dismissal has been executed.[3] The Court previously addressed habeas corpus jurisdiction in *Hendrix v. Warden*, 23 C.M.A. 227, 228, 49 C.M.R. 146, 147 (1974). In *Hendrix*, the appellant was found guilty of murder and other offenses and was sentenced to confinement with hard labor for life and a dishonorable discharge. *Id.* at 227, 49 C.M.R. at 146. On direct appeal, this Court denied the appellant's petition for review. *Id.* at 227-28, 49 C.M.R. at 146-47. The appellant's sentence was then executed. *Id.* at 228, 49 C.M.R. at 147.

Two years later, the appellant petitioned this Court for a writ of habeas corpus, alleging ineffective assistance of counsel and violations of his right to due process. *Id.*, 49 C.M.R. at 147. This Court dismissed the habeas petition for

---

[3] In this opinion, we do not address capital cases, which involve different post-conviction procedures. *Loving v. United States*, 68 M.J. 1, 2 (C.A.A.F. 2009). Because we ultimately conclude that Appellant's case is final, we also do not address any questions about habeas corpus jurisdiction in cases which are not final.

lack of jurisdiction. *Id.*, 49 C.M.R. at 147. The Court relied on Article 76, UCMJ, 10 U.S.C. § 876 (1970). This article, which has not been amended since 1956, states in relevant part:

> The appellate review of records of trial provided by this chapter, the proceedings, findings, and sentences of courts-martial as approved, reviewed, or affirmed as required by this chapter, and all dismissals and discharges carried into execution under sentences by courts-martial following approval, review, or affirmation as required by this chapter, are final and conclusive.

*Id.* The Court in *Hendrix* held: "Finalization of proceedings under Article 76, UCMJ, not only terminates the appellate processes of courts-martial, it also terminates this Court's jurisdiction of the case." 23 C.M.A. at 228, 49 C.M.R. at 147. The Court further rejected the argument that the All Writs Act, 28 U.S.C. § 1651(a) (1970), might provide jurisdiction. *Hendrix*, 23 C.M.A. at 228, 49 C.M.R. at 147. The Court stated: "By its terms . . . that Act does not increase the areas of this Court's jurisdiction beyond the limitations set out in Articles 67(b)(1) through (3), UCMJ." *Id.*, 49 C.M.R. at 147.

Even though this Court decided *Hendrix* in 1974, no subsequent case has called its holding into question. Indeed, the Court routinely dismisses petitions for writs of habeas corpus for lack of jurisdiction. *See, e.g.*, *In re Dorrbecker*, 81 M.J. 219 (C.A.A.F. 2021) (summary disposition); *Richards v. Barrett*, 80 M.J. 164 (C.A.A.F. 2020) (summary disposition); *Whitney v. United States*, 80 M.J. 56 (C.A.A.F. 2020) (summary disposition).

The decision in *Hendrix* also aligns with the Supreme Court's subsequent decision in *Clinton v. Goldsmith*, 526 U.S. 529 (1999). In *Goldsmith*, an officer was found guilty of an offense and sentenced to confinement but was not sentenced to a dismissal. *Id.* at 531-32. After his case became final, the Air Force commenced action to drop him from the rolls. *Id.* at 536 n.9. The officer then petitioned the United States Air Force Court of Criminal Appeals

(AFCCA) for an injunction preventing the Air Force from separating him. *Id.* at 532-33. The AFCCA dismissed the petition for lack of jurisdiction, but this Court reversed and granted the injunction. *Id.* at 533. The Supreme Court then reversed, holding this Court lacked jurisdiction once the case had become final. *Id.* at 536. The Supreme Court reasoned: "Simply stated, there is no source of continuing jurisdiction for the CAAF over all actions administering sentences that the CAAF at one time had the power to review." *Id.*

The decision in *Hendrix* is also consistent with the Supreme Court's decision in *United States v. Denedo*, 556 U.S. 904 (2009). In that case, the Supreme Court held that the United States Navy-Marine Corps Court of Criminal Appeals could issue a writ of coram nobis after a court-martial case had become final. *Id.* at 914. The Supreme Court distinguished but did not call into question its decision in *Goldsmith*. *Id.* at 912-13. The opinion explained that because a writ of coram nobis, unlike a writ of habeas corpus, is "an extraordinary tool to correct a legal or factual error, an application for the writ is properly viewed *as a belated extension of the original proceeding* during which the error allegedly transpired." *Id.* (emphasis added).

Finally, although the Court in *Hendrix* was specifically addressing this Court's jurisdiction to entertain a petition for a writ of habeas corpus, finality under Article 76, UCMJ, does not depend on whether a subsequent habeas petition is originally filed in this Court or in a CCA. It follows that if Appellant's court-martial was final, the ACCA in this case did not have habeas corpus jurisdiction. And if the ACCA did not have jurisdiction in this case, this Court would have no jurisdiction under Article 67, UCMJ, to grant any relief to Appellant. *See United States v. Arness*, 74 M.J. 441, 443 (C.A.A.F. 2015) (citing Article 67, UCMJ, 10 U.S.C. § 867 (2012)).

**B. Validity of the Discharge in This Case**

The question remains whether Appellant's case is final and whether he has been lawfully discharged. In the papers before us, we see two alternate theories by the Government regarding finality. First, as explained above, the convening authority's order in December 2024 stated that the court-martial was final under Article 71(c), UCMJ, when this Court denied reconsideration of its decision to deny Appellant's petition for review. "Article 71(c), UCMJ, having been complied with," the order stated, "the dishonorable discharge will be executed." Second, in its brief before this Court, the Government argues that in any event Appellant's case became final, and his discharge became effective, when the Supreme Court ultimately denied review. "With no other avenue for appeal, Appellant's conviction became final on June 2, 2025 when the Supreme Court rejected Appellant's petition for a writ of certiorari." The Government further states: "[A]lthough the Convening Authority issued the [final court-martial order] on December 17, 2024, it became binding on this Court and the Army court on June 2, 2025."

Appellant responds that the attempt to discharge him in December 2024 was invalid because Article 71(c), UCMJ, and Dep't of the Army, Reg. 27-10, Legal Services, Military Justice para. 5-65 (Nov. 20, 2020), did not allow him to be discharged until his case was final and his case was not final until after the Supreme Court denied certiorari. Appellant further argues that no authority supports the proposition that the discharge orders that were ineffective in December 2024 could later become effective in June 2025.

In our view, the discharge in December 2024 was properly issued precisely for the reason that the convening authority stated in his order: Article 71(c)(1)(B), UCMJ, 10 U.S.C. § 871(c)(1)(B) (2012), was satisfied. This provision states:

> [The] part of the sentence extending to . . . a dishonorable . . . discharge may not be executed until there is a final judgment as to the legality of

the proceedings . . . . A judgment as to legality of
the proceedings is final in such cases when review
is completed by a Court of Criminal Appeals and—

. . . .

(B) such a petition is rejected by the Court
of Appeals for the Armed Forces.

*Id.* Appellant's petition for review was finally rejected by this Court when the Court denied reconsideration on November 22, 2024. At that point, Article 71(c), UCMJ, did not prohibit the Army from discharging Appellant.[4]

Appellant contends that his case was not actually final until after the Supreme Court denied his petition for certiorari and therefore that the Army did not properly discharge him. Citing R.C.M. 1209(a)(1)(B)(iii), he asserts that for "cases eligible for Supreme Court review," direct review is not final "until the Supreme Court denies review or the time to seek review at the Supreme Court has expired." We understand Appellant's argument, but we cannot accept it because Article 71(c)(1)(B), UCMJ, gives the word "final" a special definition that must supersede the ordinary meaning of the word. Congress considered the issue of extending finality until after the Supreme Court denied review but chose in Article 71(c)(1)(C), UCMJ, to do so only in cases in which this Court has granted review of a petition and "review is completed."[5] Article 71(c)(1)(C), UCMJ, does not apply here because this Court did not grant Appellant's petition for review.[6]

---

[4] Although we assume, without deciding, that the Supreme Court had jurisdiction over Appellant's appeal from this Court's final denial of review in November 2024, the text of Article 71(c)(1)(B), UCMJ, nevertheless provided authority for Appellant's discharge in December 2024.

[5] This rule, formerly in Article 71(c)(1)(B), UCMJ, 10 U.S.C. § 71(c)(1)(B) (2012), has been moved, largely unchanged, to Article 57(c)(1)(B)(ii), UCMJ, 10 U.S.C. § 857(c)(1)(B)(ii) (2024).

[6] Congress may wish to reconsider the UCMJ's rule that a judgment becomes final when this Court denies a petition for review. That rule was made at a time when Article 67a(a),

## IV. Conclusion

The writ-appeal petition is dismissed for lack of jurisdiction.

---

UCMJ, provided that the Supreme Court could not review a case by certiorari if this Court denied review. 10 U.S.C. § 867a(a) (2018). But the rule may be antiquated because Congress struck that limitation from Article 67a(a), UCMJ, in 2023, allowing the Supreme Court to grant certiorari in cases in which this Court has denied review. 10 U.S.C. § 867a(a) (2024) (as amended by the National Defense Authorization Act for Fiscal Year 2024, Pub. L. No. 118–31, § 533(a)(2)(A) (2023)).